WHITE (WESTON v.). See Cases Nos. 17,-458 and 17,459.

WHITE (WHETCROFT v.). See Case No. 17,507.

## Case No. 17,561.

### WHITE et al. v. WHITMAN.

[1 Curt. 494.] [2]

Circuit Court, D. Rhode Island. Nov. Term, 1852.

#### PLEA IN ABATEMENT — SUIT PENDING IN STATE COURT—AFFIDAVIT.

1. The pendency of a prior suit in a state court is not a good plea in abatement to a suit in personam in this court.

[Cited in Lyman v. Brown, Case No. 8,627; Loring v. Marsh, Id. 8,514; Cook v. Burn-

ley, 11 Wall. (78 U. S.) 668; Pendergast v. The General Custer, 10 Wall. (77 U. S.) 218; Stanton v. Embry, 93 U. S. 554; Brooks v. Mills Co., Case No. 1,955; Hughes v. Elsher, 5 Fed. 264; Latham v. Chafee, 7 Fed. 522; Olney v. Tanner, 10 Fed. 105.]

[Cited in O'Reilly v. New York & N. E. R. Co., 16 R. I. 396, 19 Atl. 245; Smith v. Lathrop, 44 Pa. St. 330.]

[See Ex parte Balch, Case No. 790, note.]

2. Such a plea must show jurisdiction of the former suit, if pending in a court not under the same sovereignty.

3. The absence of an affidavit, verifying the facts alleged in the plea, is fatal.

[Cited in Bellamy v. Oliver, 65 Me. 109.]

The defendant pleaded in abatement as follows: "And the defendant comes and defends, &c., when, &c., and says that he ought not to be held to answer to the above writ and declaration of the plaintiffs, but the same ought to abate; because he says that the said plaintiffs heretofore, to wit, at the honorable superior court, holden at Brooklyn, in and for the county of Windham, in the state of Connecticut, on the second Tuesday of April, A. D. 1853, impleaded the said defendant in an action of the case, and for the same cause in the declaration aforesaid above-mentioned; which said action of the said plaintiffs, against the said defendant, still remains depending and undetermined, as by the files and records of said superior court, now remaining in said superior court, (a copy whereof, duly authenticated, is here shown to the court,) appears; and the said defendant avers, that the said Henry Whitman, defendant, named in said action of the plaintiffs in said superior court pending, and the said Henry Whitman, now defendant, are one and the same person, and not other and different. Wherefore, he prays judgment if he ought to be held to answer to the writ and declaration, and that the same abate, and he be allowed his costs. By his attorney."

Mr. Jenckes, for plaintiffs.
Mr. Carpenter, contra.

CURTIS, Circuit Justice. The pendency of another action for the same cause in a foreign court, is not a good plea in abatement at the common law. The question is, whether the court of the state of Connecticut is to be considered a foreign court, within the meaning of this rule. In Browne v. Joy, 9 Johns. 221, it was held that such a plea of a former action in another state court, was not a good plea; and in Walsh v. Durkin, 12 Johns. 99, the same law was held applicable to a plea of a former suit pending in a circuit court of the United States. These cases seem to me to have been correctly decided. Though the constitution and laws of the United States require, that the judgments rendered in one state shall receive full faith and credit in another, yet, in respect to all proceedings prior to judgment, the courts of the different states, acting un-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. B. R. Curtis, Circuit Judge.]

der different sovereignties, must be considered as so far foreign to each other, that a remedy sought by judicial proceedings under one, cannot be treated as a mere and simple repetition of a remedy sought under another. There may be real advantages to be gained, in respect to the property on which an execution may be levied, or otherwise, by resorting to an action in another state. And the same considerations are applicable to a second suit in a circuit court of the United States, while one is pending in a state court. In Wadleigh v. Veazie [Case No. 17,031], Mr. Justice Story declared that such a plea could not be allowed. In this case, the plea is also insufficient, for other reasons. It does not show that the court of Connecticut has jurisdiction of the action there pending; and for the reasons given in Newell v. Newton, 10 Pick. 470, this is a fatal defect. Nor is it verified by affidavit, as is required by the eighth rule of the court, if any matter of fact is contained in it; and this plea does contain two traversable facts: that the parties and the cause of action are the same. Trenton Bank v. Wallace, 4 Halst. [9 N. J. Law] 83. The demurrer is sustained, and the defendant must answer over.