[No. 20220. In Bank. — October 27, 1886.]

## Ex parte J. L. SCHMIDT, on Habeas Corpus.

Criminal Law — Indictment — Indorsement of Names of Witnesses — Grand Jury — May be Examined as to Names of Witnesses. — On a motion to set aside an indictment on the ground that the names of all the witnesses examined before the grand jury had not been inserted or indorsed thereon, a grand juror may be questioned as to what persons were examined before the grand jury as witnesses, and upon his refusal to answer may be committed for contempt.

Application for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*John B. Harmon*, for Petitioner.

*Davis Louderback*, for Respondent.

The Court.— A person had been indicted for an offense, and that person moved the court, under section 995, Penal Code, to set aside the indictment on the ground that the names of all the witnesses examined before the grand jury had not been inserted at the foot of

the indictment or indorsed thereon.   On the hearing of the motion, and in support thereof, the petitioner, a member of the grand jury, was called and sworn, and was interrogated as to whether any person was examined as a witness before the grand jury whose name was not inserted at the foot of the indictment or indorsed thereon.   The petitioner refused to answer the questions, on the ground that he would thereby be disclosing secrets of the grand-jury room; and such refusal was by the court below adjudged a contempt, and the petitioner was committed.   Hence this writ.

Section 943, Penal Code, declares that the names of the witnesses examined before the grand jury, or whose depositions may have been read, must be inserted at the foot of the indictment, or indorsed thereon, before it is presented to the court; and by section 995 the failure to so insert or indorse the names of all the witnesses is made ground for setting aside the indictment.   By section 925, no person except the district attorney and witnesses under examination are permitted to be present at the sessions of the grand jury.   If, therefore, neither the members of the grand jury nor the district attorney could be called upon to state whether any witnesses were examined other than those whose names have been inserted or indorsed, a barren right to move to dismiss is given without the power to ascertain whether or not the statute has been complied with.   Under our statute, the names of witnesses before the grand jury are not secrets to be undivulged, at least for the purpose herein referred to; because the moment an indictment is presented, that moment the names should be a part of the record.

The petitioner is remanded and the writ is discharged.