UNITED STATES v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. July 29, 1915.)

Nos. 18-20.

1. CRIMINAL LAW ⟨⟩281—PLEAS IN ABATEMENT—GROUNDS—DEMURRER.

That accused, filing pleas in abatement to an indictment on the ground of irregularities in the constitution and summoning of the grand jury, had presented his objections to another district judge on challenge to the array before indictment, and that his objections had been overruled, may be the subject of replication, but is not available on demurrer to the pleas.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 652; Dec. Dig. ⟨⟩281.]

2. CRIMINAL LAW ⟨⟩280—PLEA IN ABATEMENT—GROUNDS.

A plea in abatement to an indictment on the ground of the production of documentary evidence in violation of the professional privilege of counsel for accused and of the rights of accused under the fourth amendment to the Constitution, which shows a compulsory production, by the chief clerk of the legal department of accused, of records, documents, and confidential papers of accused and in the official custody of the chief clerk, in which they were placed by counsel for accused for use in the preparation of defense of accused to the offense charged in the indictment, is insufficient to bring the matter within Const. U. S. Amend. 4, relating to unreasonable searches and seizures.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645-651; Dec. Dig. ⟨⟩280.]

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. WITNESSES ☞304—SELF-INCRIMINATION—PRIVILEGE.

    The right, under Const. U. S. Amend. 5, to refuse to incriminate oneself, is purely a personal privilege of an individual witness, and is not without the aid of the fourth amendment to be extended to a corporation defendant.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1051, 1052; Dec. Dig. ☞304.]

4. CRIMINAL LAW ☞280—PLEA IN ABATEMENT—CALLING OF UNSWORN WITNESS.

    A plea in abatement to an indictment for calling an unsworn witness before the grand jury, but which does not aver that the witness testified without being sworn according to law, is insufficient.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

5. CRIMINAL LAW ☞280—PLEA IN ABATEMENT—PRESENCE OF UNAUTHORIZED PERSON IN GRAND JURY ROOM.

    A plea in abatement to an indictment because of the presence of a person not authorized by law in the jury room is insufficient for not specifically averring the capacity in which the person acted while so present.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

6. CRIMINAL LAW ☞280—PLEA IN ABATEMENT—GROUNDS—PRODUCTION OF IMPROPER DOCUMENTARY EVIDENCE.

    A plea in abatement to an indictment because of the production of improper documentary evidence before the grand jury is insufficient for failing to allege that there was no other competent evidence to warrant the finding of the indictment.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

7. CRIMINAL LAW ☞280—PLEA IN ABATEMENT — GROUNDS — POSSESSION OF STENOGRAPHIC NOTES OF TESTIMONY BEFORE PRIOR GRAND JURY.

    A plea in abatement to an indictment on the ground of the possession by the United States attorney, or his assistant, of stenographic notes of testimony taken before a previous grand jury, is insufficient, where it does not aver that the grand jury considered the notes, or that any one called their attention to any fact set out therein.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

8. CRIMINAL LAW ☞280—PLEA IN ABATEMENT—GROUNDS—IRRELEVANT OPINION EVIDENCE.

    A plea in abatement to an indictment because of the asking of witnesses questions as to irrelevant opinion evidence is insufficient for failing to aver that the witnesses answered the questions.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

9. CRIMINAL LAW ☞280—PLEA IN ABATEMENT—GROUNDS—IMPROPER PRODUCTION OF TESTIMONY.

    A plea in abatement to an indictment which avers the improper production before the grand jury of a photographic copy of a demurrage tariff, alleged to have been in force during the time set forth in the indictment, and that the United States attorney improperly questioned witnesses to show that accused violated the tariff, though the attorney knew that the tariff was not the tariff filed with the Interstate Commerce Commission and was not the tariff covering the shipments during the times set out in the indictment, but that another tariff was filed and was then in force, goes to the want of proof of the copy as evidence, and its irrelevancy based on the time during which the tariff was in force, but is

insufficient for want of averment that other tariffs were not produced or that there was not other legal evidence on which the grand jury could find the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ☞280.]

10. GRAND JURY ☞26—POWERS—INQUISITORIAL PROCEEDINGS.

The grand jury possesses the broadest kind of inquisitorial powers and has jurisdiction to proceed without any specific charge against any one.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 64, 65; Dec. Dig. ☞26.]

11. CRIMINAL LAW ☞1166—EVIDENCE BEFORE GRAND JURY—REVIEW—PREJUDICE.

While the prosecuting officer conducting a proceeding before the grand jury is presumed to be familiar with the rules of evidence, and while he must take care that no inadmissible evidence is received, yet the court will not review the testimony taken before the grand jury in the same manner as before a petit jury on motion for new trial, and will not review the conduct of an officer in his presentation of evidence unless accompanied by some impropriety by which the grand jury is shown to have been influenced to the prejudice of accused, or of such nature that prejudice will be presumed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3100–3102, 3107–3113; Dec. Dig. ☞1166.]

The Philadelphia & Reading Railway Company was indicted. On demurrers to pleas in abatement. Overruled in part and sustained in part.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. Pleas numbered 1 to 10, inclusive, are identical as to each of the three indictments. To indictment No. 18 additional pleas Nos. 11 and 12 and 13 have been filed, and plea 11 to indictment No. 19 is identical with that filed to indictment No. 20. Pleas Nos. 1, 2, 3, and 4 to each indictment relate to irregularities in the constitution of the grand jury and summoning of the grand jurors. Nos. 5 and 6 to the production of documentary evidence in alleged violation of the professional privilege of counsel for the defendant and of the rights of the defendant under the fourth and fifth amendments to the Constitution. No. 7 relates to calling an unsworn witness. No. 8 to the presence of a person not authorized by law in the jury room. No. 9 to the production of improper documentary evidence. No. 10 to the possession by the United States attorney or his assistant of stenographic notes of testimony taken before a previous grand jury. Nos. 11, 12, and 13 to indictment No. 18 relate to asking witnesses questions as to irrelevant opinion evidence. Plea No. 11 to indictments Nos. 19 and 20 relate to improper production of a photographic copy of a tariff alleged to be improper and irrelevant as evidence.

[1] The district attorney has called the attention of the court to the fact that the questions raised by pleas Nos. 1, 2, 3, and 4 were decided adversely to the defendant by Judge Dickinson upon challenge to the

array before the indictments were presented to the grand jury and that these questions are therefore res judicata.

If the defendant has had its day in court and full opportunity to present its objections, and this court by Judge Dickinson has disposed of its challenge, such fact might have been the subject of replication; but is not before the court on the demurrers. I am not convinced that the pleas are bad upon their face upon any of the grounds set out in the demurrers.

[2] The fifth and sixth pleas relate to the production under subpœna by Henry Kellerman, Jr., chief clerk of the legal department of the defendant company, of records, documents, and confidential papers of the defendant and in the official custody of Kellerman, in which they were placed by counsel for the company for use by them in the preparation of the defense of the defendant to these proceedings.

As I understand the ruling of the Supreme Court in the case of Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, reviewing the previous cases in their bearing upon the application of the fourth amendment to a requirement to produce papers under a subpœna duces tecum and holding that, under the circumstances in that case, the order for production of books and papers constituted an unreasonable search and seizure within the fourth amendment, the fifth plea, even giving effect to what is inferentially pleaded, does not set up sufficient facts to bring the averments in the plea within the doctrine of that case, nor is there sufficient set out to bring it within the decision of the Supreme Court in the case of United States v. Louisville & Nashville Railroad Company, 236 U. S. 318, 35 Sup. Ct. 363, 59 L. Ed. 598 (No. 499, October term 1914, decided February 23, 1915), in its ruling upon the production of confidential communications between attorney and clients. If the depositing of records, documents, and papers of the railway company with the chief clerk of the legal department for use by counsel is sufficient upon an averment that the papers are "confidential" to justify the refusal of an officer of the corporation to produce them, then a defendant railroad company may secure itself against the production of any documents bearing upon its transactions which involve violations of any of the laws relating to interstate commerce. It is not intended to be decided that, in a case where confidential communications between attorney and client are in the hands of counsel for the corporation, the refusal of their production under a subpœna duces tecum would not be justified by reason of the privilege of counsel. Facts necessary to bring it within that rule are not, however, sufficiently pleaded. Grant v. U. S., 227 U. S. 79, 33 Sup. Ct. 190, 57 L. Ed. 423.

[3] The question of the right of the government to compel the railway company to incriminate itself by producing its records, documents, and papers has not been decided by the Supreme Court in any case in which the corporation's whose papers were sought to be produced was the defendant charged in the indictment. As I understand the decisions, however, in Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, Wilson v. United States, 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558, Wheeler v. United States, 228 U. S

489, 33 Sup. Ct. 158, 57 L. Ed. 309, and B. & O. v. I. C. C., 221 U. S. 612, 31 Sup. Ct. 621, 55 L. Ed. 878, the right under the fifth amendment to refuse to incriminate oneself is purely a personal privilege of an individual witness, and is not without the aid of the fourth amendment to be extended to a corporation defendant.

In Hale v. Henkel the Supreme Court said:

"While an individual may lawfully refuse to answer incriminating questions unless protected by an immunity statute, it does not follow that a corporation, vested with special privileges and franchises, may refuse to show its hand when charged with an abuse of such privileges."

And in Wilson v. United States the court said:

"That demand, expressed in lawful process, confining its requirements within the limits which reason imposes in the circumstances of the case, the corporation has no privilege to refuse. It cannot resist production upon the ground of self-crimination. Although the object of the inquiry may be to detect the abuses it has committed, to discover its violations of law, and to inflict punishment by forfeiture of franchises or otherwise, it must submit its books and papers to duly constituted authority when demand is suitably made."

And in Wheeler v. United States it was held that:

"As against the corporation, the true owner of the books and papers, their production might lawfully be compelled, and that there was no self-incrimination of such officer, because he was not compelled to produce his private books, but the books of the corporation, which were not within the protection given to the private books and papers of an individual."

If I am wrong in the conclusion that a corporation is not protected from self-incrimination under the fifth amendment and the defendant is injured thereby, it will have its opportunity to have the question more definitely settled in a higher court. Under the authority of the cases cited, pleas 5 and 6 are held insufficient.

[4] Plea No. 7 is insufficient, in that it is not averred that Henry Kellerman, Jr., testified without being sworn according to law.

[5] Plea No. 8 is insufficient in not specifically averring the capacity in which the person alleged to be present aiding in the production of evidence before the grand jury was acting while so present.

[6] Plea No. 9 is insufficient because it does not allege that there was no other sufficient competent evidence before the grand jury to warrant the finding of the indictment than that charged to be incompetent as not consisting of original records, documents, and papers properly admissible in evidence. Hillman v. U. S., 192 Fed. 264, 112 C. C. A. 522; Chadwick v. United States, 141 Fed. 234, 72 C. C. A. 343; McKinney v. United States, 199 Fed. 25, 117 C. C. A. 403.

[7] The tenth plea sets up that the United States attorney or his assistant had in his possession within the grand jury room certain stenographic notes of testimony of certain witnesses appearing before a grand jury at a prior term. There is no averment that the grand jury did consider or observe the notes or that any one called their attention to any facts set out in such notes. The statement that, by the production of the record, the attention of the members of the grand jury was called to the previous consideration of the matters then before them by a former grand jury of the court, is argumentative; for

from all that appears in the plea the notes were in the possession of the prosecuting officer for his own use, and there is no direct averment that the notes were presented to the grand jury for their consideration. The plea must therefore be held insufficient.

[8] Pleas 11, 12, and 13 to indictment No. 18 are insufficient, in that it is not averred that the witnesses, of whom the alleged irrelevant opinion evidence was asked, answered the questions; so that there is nothing in the pleas to show that improper opinion evidence was introduced before the grand jury. It is entirely supposable from the averments in the pleas that, upon the questions being asked, the prosecuting officer realized the impropriety of attempting to introduce evidence which could have no legal bearing upon the guilt or innocence of the defendant and withdrew the question, or that the grand jury itself declined to hear the witnesses in reply on the the ground of the answers to such questions being immaterial and irrelevant.

[9] The eleventh plea to indictments Nos. 19 and 20 avers the improper production by the attorney representing the United States before the grand jury of a photographic copy of a demurrage tariff alleged to have been in force during the time set forth in the indictment, and avers that the attorney then improperly questioned certain witnesses to show that the defendant had violated the tariff by failure to charge certain demurrage upon certain cars, although the attorney knew at the time that the tariff represented by the photographic copy was not the tariff filed by the attorney with the Interstate Commerce Commission and was not the tariff covering the shipments during the times set forth in the indictment, but that another and different tariff was filed with the Interstate Commerce Commission and was then in force, and by the terms and conditions of such tariff the charges made by the defendant were just and proper. This plea goes to the want of proof of the copy as evidence, its irrelevancy based upon the time during which it was in force, and the intention of the prosecuting officer in introducing it. As to the production of a copy of the tariff, it is entirely supposable under the averments in the plea that the original had been lost, or destroyed, and that the photographic copy was properly proved. It is entirely supposable that it was relevant by reference to it in a later tariff which may have been produced, or upon some other ground. Moreover, it is not averred in the plea that other tariffs were not produced or that there was not other legal evidence upon which the grand jurors could have found a true bill. There is no averment in this or in any of the other pleas relating to the evidence that the bill of indictment which the grand jury returned was framed at the time of the evidence before it was being produced.

[10] The power of the grand jury extends to the broadest kind of an inquisitorial proceeding, and it may, before a bill of indictment is framed, investigate at the instance of the court, or the district attorney, or at their own instance, a suspected or alleged crime, and determine whether it has been committed, and, if so, who committed it. The grand jury has jurisdiction to proceed under its inquisitorial

powers without any specific charge against a particular person or corporation being before it, and it would be impracticable, as well as unwise from the standpoint of requiring the proceedings before the grand jury to be made public, for the court to pass upon every item of evidence introduced or considered before the grand jury.

[11] While the prosecuting officer who is conducting the proceedings before the grand jury is presumed to be familiar with the rules of evidence and it is his duty to take care that no evidence is received that would not be admissible before the court upon the trial of the case (1 Wharton, Crim. Law. § 493), there may be as many differences of opinion among counsel as to what is and what is not admissible in proceedings before the grand jury as are apparent in trial before the court and a petit jury. Owing to the secret nature of the proceedings before the grand jury, however, and the fact that they need only be prima facie satisfied of the guilt of the defendant, it has been the recognized policy of the courts not to review the testimony taken before the grand jury in the same manner as before a petit jury upon a motion for a new trial, and not to review the conduct of the prosecuting officer in his presentation of evidence unless accompanied by some impropriety by which the grand jury is shown to have been influenced to the prejudice of the defendant, or of such nature that such prejudice will be presumed.

The demurrers are overruled as to the first, second, third, and fourth pleas to each indictment. As to the remaining pleas, the demurrers are sustained.