## UNITED STATES v. BOPP et al.

(District Court, N. D. California, First Division.   March 23, 1916.)

### No. 5885.

1. COURTS ☞337.—FEDERAL COURTS—AUTHORITY OF STATE STATUTES.
   State statutes relating to criminal procedure have no application to prosecutions in the federal courts.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 908; Dec. Dig. ☞337.]

2. INDICTMENT AND INFORMATION ☞15(4)—EFFECT OF SUSTAINING DEMURRER—SECOND INDICTMENT FOR SAME OFFENSE.
   The sustaining of a demurrer to an indictment is not a bar to the return of a new indictment by the grand jury which has already heard the evidence.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 86, 448; Dec. Dig. ☞15(4).]

3. CRIMINAL LAW ☞280(2)—PLEA IN ABATEMENT—GROUNDS.
   An averment in a plea in abatement to an indictment, made on information and belief, the sources of which are not stated, that the grand jurors who returned the indictment were without knowledge of its contents, is not sufficient to overcome the presumption of regularity, or even to warrant the court in investigating the proceedings before the grand jury.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 647, 648; Dec. Dig. ☞280(2).]

Criminal prosecution by the United States against Franz Bopp, E. H. Von Schack, Wilhelm Von Brincken, J. F. Van Koolbergen, Margaret W. Cornell, Charles C. Crowley, and Louis J. Smith.   On plea in abatement, motion to quash indictment, and demurrer to plea.   Demurrer sustained, and motion denied.

See, also, 230 Fed. 723.   .

John W. Preston, U. S. Atty., and Annette Abbott Adams, Asst. U. S. Atty., both of San Francisco, Cal.

J. P. O'Brien, of San Francisco, Cal., and Samuel Platt, of Carson City, Nev., for defendants Cornell and Crowley.

George A. McGowan, of San Francisco, Cal., for defendant Von Brincken.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., for defendants Bopp and Von Schack.

DOOLING, District Judge.   The defendants have presented a plea in abatement and a motion to quash the indictment herein for the various reasons in such plea and motion stated.   The government has demurred to the plea.   The only matters of importance, as it seems to me, that are set forth in either the motion or plea, are those which have to do with the sustaining of a demurrer to a former indictment, and with the asserted lack of knowledge on the part of the grand jurors as to the contents of the present one.

[1] As to the former, it is urged that, a demurrer having been sus-

tained to a previous indictment returned by the same grand jury (230 Fed. 723) and no order of resubmission having been made by the court, the judgment on demurrer was final, and became an absolute bar to any other prosecution for the same offense. This is, indeed, the provision of the Penal Code of the State of California. I cannot agree with counsel, however, in their contention that this court is bound in this matter by the state law.

[2] It is, however, further urged that, even if the state law be not applicable, the defendants are still exempt from further prosecution because at common law such was the effect of a judgment sustaining a demurrer. It is quite true that upon the sustaining of a demurrer to an indictment at common law the judgment was that the defendant be discharged, and indeed that was in effect the judgment here. But I do not understand that to mean that they are discharged finally from any further prosecution at all, but that they are discharged from further prosecution upon that particular indictment. That was the effect of the judgment here, but I know of no reason why, because a demurrer has been sustained to an indictment which was insufficient in form or substance to put the defendants upon trial, a new indictment, curing the defects found in the former, may not be returned by the grand jury which has already heard all the evidence, if they desire to do so. The court and the district attorney are without the power to amend an indictment, and for that reason a judgment sustaining a demurrer thereto is necessarily final as to that particular pleading. But it is in no sense a judgment on the merits, and the grand jury possesses the power to amend which is lacking both in the court and the prosecuting officer.

[3] It is further urged that the grand jurors were without knowledge as to the contents of the indictment in question. This averment is made upon information and belief alone, and such an averment is, in my opinion, not sufficient so to overcome the presumption of regularity which the law attaches to the return of an indictment as to compel or even to warrant the court in investigating the proceedings before the grand jury which resulted in such return. It was stated on the argument that the defendants had the right to "ascertain" whether or not the grand jurors were acquainted with the contents of the indictment, and that seems to me, under the circumstances, what they are endeavoring to do. No facts are stated upon which their "belief" is founded, and the sources of their "information" are not disclosed. Upon such averment as this, which might safely be made by any defendant, the court would be compelled to inquire into the proceedings of the grand jury upon every indictment returned, a thing which I do not believe is contemplated by the law.

The demurrer to the plea in abatement is sustained, and the motion to quash denied.