## UNITED STATES v. OLMSTEAD et al.

(District Court, W. D. Washington, N. D. April 23, 1925.)

No. 9165.

1. **Courts ⬤⟹334, 337—In absence of sufficient federal statute, state procedure followed.**

Under Rev. St. § 722 (Comp. St. § 1542), in absence or deficiency of federal law with relation to civil or criminal procedure, statute of state is followed.

2. **Criminal law ⬤⟹322—Indictment presumed found on proper evidence.**

Grand jurors being sworn officers of the court, presumption is that indictment was found only on proper evidence.

3. **Criminal law ⬤⟹280(1)—Averment on belief alone in plea in abatement insufficient.**

Averment on belief alone in plea in abatement is insufficient.

4. **Criminal law .⬤⟹278(2)—Insufficiency of evidence before grand jury not ground for plea in abatement.**

In absence of statute authorizing it, insufficiency of evidence before grand jury is not ground for plea in abatement.

5. **Criminal law ⬤⟹280(1) — Construction of pleas in abatement against pleader.**

Pleas in abatement are most strongly construed against pleader, and must meet every fact and inference.

6. **Indictment and information ⬤⟹10—Proof need only establish reasonable ground of belief of guilt.**

Proof before grand jury need only establish reasonable ground to believe defendant guilty.

7. **Criminal law ⬤⟹280(2)—Plea in abatement as to threats against grand jury foreman insufficient.**

Plea in· abatement, merely that government agent, privately, threatened grand jury foreman if indictment was not returned, is insufficient.

Criminal proceeding by the United States against Roy Olmstead and others. On motion to strike pleas in abatement. Motion granted.

See, also, 5 F.(2d) 712; 7 F.(2d) 760.

An indictment charging conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) has been returned against 89 defendants. To the indictment 33 defendants interposed pleas in abatement. In the interest of brevity it may be said that all are substantially alike, and will be considered together. The Olmstead plea, in substance, says that one Lyle, one Whitney, and one Corwin, prohibition agents, "conspiring together and with other persons to this defendant unknown to interfere with the telephone wires of various and divers persons, some 40 in number, in the city of Seattle," caused "taps," connecting circuits, and other contrivances, to be connected with the telephone wires, and listened to conversations passing over the wires, which continued from July, 1924, to January 1, 1925, and various persons other than Lyle, Whitney, and Corwin, listened at all hours of the day and night to conversations and communications passing over said wires; that longhand notes of the substance of such conversations as they remembered and interpreted them were made; that these parties worked in shifts, and the notes taken were read into a dictaphone and transcribed by typewriting machines; that such records were bound in book form and found their way into the hands of Lyle, Whitney, and Corwin. A

specimen sheet of such bound volumes is set out as follows:

"6/25/24.

"Cable 12 Pr 851 Room 1025 Henry Bldg., El. 6785. Beacon 2172—Rainier Ave. McArthur of St. Paul. Wm. 310422—Hudson Cab—Flynn, Everett. Main 9411—Harry & Art—Dad talking. Al Dickie. Bill Boeing House—5cs. to be returned. Jim, Baldy has load for Chadwick. 1005-½ Howell. At 2:20—Ed Sadick called and asked if Ed Brown had been there yet. Dave talking. Baldy reported No. 224513 Ford. Have this No. looked up. Ell. 6787 Another line 1025 Henry. The Florence, Madison St. Mack is McLain, John—Clyde is Clyde Thompson—Johnny is driver. Brown is driver—Baldy is driver—Jim is warehouse man—Mickie and Mack are same—Over phone Clyde answers either to Mickie or Mack. Delivery to 25th & Cherry at 2:30. Smith—15 cs. at 2 p. m."

It is further set out: "That in these bound volumes the name of this defendant appears many times, but whether his name was actually used by others as recorded in these volumes, or was willfully and falsely interpolated therein by some one in the course of producing the volumes as herein set forth, * * * this defendant has no means of knowing and cannot affirm. That the grand jury impaneled for the November term of this court met in adjourned session on the 12th day of January, 1925, to consider specially of the matters contained in the indictment herein, and continued in session for several days. That during such period the said Whitney and the said Corwin appeared alternately before such grand jury for several days, and on each occasion they brought with them these bound volumes, * * * that these volumes were not submitted to the grand jury for their inspection, * * * but that the said Whitney and the said Corwin * * * purported to read therefrom to such grand jury such passages as they chose to read, and at the same time they 'explained,' interpreted, and expounded the same. * * * That the grand jury received this incompetent, irrelevant, hearsay, and secondary testimony. That, except and without this illegal, incompetent, irrelevant, hearsay, and secondary evidence, and the tainted and outlawed evidence set forth in paragraph 3 hereof, no testimony or evidence of any character whatever was introduced before said grand jury, which proved or tended to prove this particular defendant guilty of any charge or charges set forth in the indictment."

In paragraph 2 it is alleged: "That the grand jury did not vote upon the name of the defendant before the indictment herein was presented," but was "governed solely by the said Whitney as to the names to be incorporated therein. That an hour or two before such indictment was returned the said Whitney called the foreman of the grand jury, Charles P. Burnett, from the grand jury room, and talked to him in private. That said Whitney told the said Burnett that 'he had the goods on him,' meaning Burnett. That Whitney told Burnett that the latter had been ordering intoxicating liquor by telephone from the 'Olmstead gang,' meaning from some of the defendants herein, and that he (Whitney) had the record thereof, and that he (Whitney) wanted the indictment returned, and wanted it returned in the form as presented and without any changes, and that, unless the indictment was so returned, he (Whitney) would have a new grand jury called, and that his name (Burnett's) would be added at the bottom of the list, and that he (Burnett) would be '91' therein. * * * That in truth and in fact said Burnett had ordered intoxicating liquor by telephone within the past year, and felt conscious of the truth of the charge made by said Whitney, and believed the latter did have a record thereof and knowledge thereof, and was coerced thereby by the said Whitney to vote for the said indictment. * * *"

In paragraph 3 it is alleged, in substance: That search warrant was obtained from the United States commissioner without a showing of probable cause, illegal search was made, and books, papers, documents and memoranda were taken. No return to the search warrant was ever made. That the defendant is deprived thereby of whatever remedy offered by the law, and that the material taken from the residence of the defendant Olmstead contained, if unexplained, incriminating matter, and from such material such agents obtained leads and clues to other evidence which, "colored by their own suspicions and interpretations, and unexplained by this defendant, was and is incriminating of this defendant." That Whitney and Corwin, when appearing before the grand jury, presented to the grand jury portions of such incriminating matters. No evidence was presented which tended to prove this defendant guilty of any charge or charges set forth.

Paragraph 4: That, because no competent, legal evidence was presented to the grand jury, and because a grand juror was coerced by governmental agencies into voting for and returning the indictment, the constitutional rights of the defendant have been violated.

Each plea in abatement is sworn to by the affiant as true "as he verily believes." To each plea in abatement the United States attorney has filed a motion to strike, on the ground and for the reason that such "plea in abatement is not well taken under the laws made and provided herein."

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

J. L. Finch, of Seattle, Wash., for Olmstead and twenty-six others.

Edward H. Chavelle, of Seattle, Wash., for five defendants.

Joseph H. Griffin, of Seattle, Wash., for one defendant.

NETERER, District Judge (after stating the facts as above). It is urged by the United States Attorney that the pleas in abatement are insufficient, in that the pleader states "that the matters and things herein (therein) contained are true as he verily believes"; that none of the grounds for setting aside the indictment as provided by the laws of the state (section 2099, Comp. Stat. Wash.) are present. The defendants contend that their rights have been invaded by the reception of incompetent evidence and by coercion of the foreman of the grand jury by a prohibition agent, and that it is the duty of the court to review the testimony and determine its sufficiency before requiring the defendants to plead, that a trial would take from 30 to 60 days, large expenses be necessitated which may now be eliminated by the court in this preliminary examination, and that, if there is no procedure or law authorizing such examination, the court should make law or procedure which would reach the situation.

It is conceded that the motion to strike properly raises the issue of the sufficiency of the pleas, and at any rate leaves the matter in the discretion of the court. A motion to strike a plea in abatement for insufficiency is recognized by Judge Hand in U. S. v. Morse (D. C.) 292 F. 273.

[1] In the absence of federal law or deficiency with relation to civil and criminal procedure the statute of the state is followed. Section 722, Rev. Stats. (Comp. St. § 1542). See, also, U. S. v. Eagan (C. C.) 30 F. 608; U. S. v. Wells (D. C.) 163 F. 313; U. S. v. Mitchell (C. C.) 136 F. 896; U. S. v. Clune (D. C.) 62 F. 798; Crowley v. U. S., 194 U. S. 461, 24 S. Ct. 731, 48 L. Ed. 1075. Under the Washington statute an indictment may be set aside because it is not indorsed "a true bill"; that the names of the witnesses are not indorsed upon the indictment; when not marked "filed"; and when any person other than the grand jurors was present when the vote was taken upon the indictment or when any person was present before the grand jury during the investigation of the charge except as permitted by law. Section 2099, supra.

[2] The grand jury is of ancient origin; it goes back many centuries. It is said the institution existed among the Saxons. By the Constitution of Clarendon, the grand jury was recognized, if not established. It originated when there raged a conflict between the rights of the subject and the power of the crown. Its object was to secure to the subject the right of appeal to his peers under the immunity of secrecy before he could be brought to trial. It was at first a body which, not only arrested, but which tried, public offenders. It was at the time of the settlement of this country an informing and accusing tribunal only. Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849. It is a distinct, independent body, and must act free from influence, fear, favor, affection, reward, or hope thereof proceeding from, or without, the court. The Constitution of the United States, as well as the constitutions of all the states, show it is adopted as a means of protection to the citizen as well as a necessary aid to public justice. The grand jurors being sworn officers of the court, the presumption is that the indictment was found only upon proper evidence (Noll v. Dailey, 72 W. Va. 520, 79 S. E. 668, 47 L. R. A. [N. S.] 1207), and before the court would, under any circumstances, enter upon an investigation, it must appear by strong, positive proof that the inhibitions of the law have been violated and the presumption overcome.

[3-6] May a defendant require the court to go behind the return of a true bill and sit as a court of error and enter upon an investigation of the testimony produced and determine its relevancy and sufficiency, review the cause as heard by the grand jury upon the sole demand of a defendant, upon statements which he verily believes to be true? May the secrecy of investigation essential to the nature of the institution, which

has from time immemorial been associated with the grand jury system, and considered an efficient means of its successful operation, be set aside, and all proceedings made public, if a party charged so elects? If a review is had, and a grand juror is called as a witness, must he tell who testified before the grand jury (Ex parte Schmidt, 71 Cal. 212, 12 P. 55), and disclose the testimony of the witnesses before the grand jury? State v. Broughton, 29 N. C. 96, 45 Am. Dec. 507. If an investigation is made as to the sufficiency of the evidence, then all the evidence must be produced (McKinney v. U. S., 199 F. 25, 28, 117 C. C. A. 403), and shall the court sit as a sieve through which the testimony of the government must pass, in preparation for trial by the defendants to the charge in the indictment? If in one case, it must be done in all cases on request of a defendant. May the court, irrespective of statute, adopt a procedure and assume a reviewing function, and pass upon the materiality and sufficiency of the evidence, and become an indicting, as well as a trying tribunal? I know of no rule of procedure or provision of law under which the court would be warranted to establish such a precedent. There is no federal statute and no warrant under state statute authorizing it, and the state statute, in the absence of federal statute, must control. Justice Brewer, with whom sat Judge Thayer, so held (U. S. v. Eagan, supra), as also Justice Field, with whom sat Circuit Judge Sawyer and District Judge Hoffman, in U. S. v. Benson (C. C.) 31 F. 896. Circuit Judge Curtis, in White v. Whitman, 29 Fed. Cas. 1029, No. 17561, in a civil proceeding, held that absence of an affidavit verifying the facts alleged in a plea of abatement, is fatal to the plea.

Judge Deady, in U. S. v. Brown, 24 Fed. Cas. 1273, No. 14671, said: "As I understand it, the Code does not allow any inquiry by the court as to the sufficiency or competency of the testimony upon which a grand jury has acted in finding an indictment, for the purpose of setting it aside. So at common law, a motion to quash an indictment was only allowed for such insufficiency in the body or caption of it, as would make a judgment upon it against the defendant erroneous; and even then it was in the discretion of the court either to allow the motion or oblige the defendant to plead or demur."

Judge Hand, in U. S. v. Morse (D. C.) 292 F. 273 at page 277, said: "Never to my knowledge has an indictment been held bad in this district because of insufficiency of evidence before the grand jury. If the latter body has been improperly constituted, or if fraud or misconduct is shown, a cause may arise for examining the proceedings; but in my opinion nothing less is sufficient" (citing cases).

Judge Dooling, in U. S. v. Bopp (D. C.) 232 F. 177 at page 178, speaking of a plea predicated on "belief alone," said: "* * * Such an averment is, in my opinion, not sufficient so to overcome the presumption of regularity which the law attaches to the return of an indictment as to compel or even to warrant the court in investigating the proceedings before the grand jury which resulted in such return."

Judge Beatty, in U. S. v. Cobban (C. C.) 127 F. 713 at page 720, said: "* * * to quash [indictment] because the evidence was inadequate; or because the rules of evidence had been violated, the court would become the tribunal for indicting as well as trying."

See also, State v. Chance, 29 N. M. 34, 221 P. 183, 31 A. L. R. 1466; Hillman v. U. S., 192 F. 264, 112 C. C. A. 522; Holt v. U. S., 218 U. S. 245, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

I know of no case in this circuit where an indictment has been set aside because of insufficiency of the evidence before the grand jury. Pleas in abatement are most strongly construed against the pleader, and every existing fact must be negatived and every inference denied. I think it is well established that the rule of the Fourth and Fifth Amendments is a personal privilege, and may not be here urged, except with the possible exception of defendants Olmstead and Finch (U. S. v. Phil. & R. R. Co. [D. C.] 225 F. 301), and since, as I view it, the "wire tapping" and search warrant bear a different status and upon the record may not be here invoked by these parties, and are not sufficient as to these defendants, in the proceedings before the grand jury. Grand jury proceedings are not final, and the proof need only establish a reasonable ground to believe that the defendant is guilty. The record is not clear, nor the inference impelling under the plea, that there was not some competent evidence before the grand jury.

[7] No objection can be made to the indictment because of the alleged conduct of Whitney and the foreman of the grand jury. The foreman did not control the ju-

ry. There is no allegation or intimation that the foreman sought to impress upon the jurors any undue influence, nor any influence whatever. A vote of twelve of the grand jurors was sufficient to indict, sixteen were a quorum, more were present. It was the foreman's duty to sign the indictment upon the vote of twelve finding the indictment, whether he voted in favor of it or otherwise. If Whitney was guilty of conduct as charged, he is liable to another proceeding, and, if the matter is presented before the court upon a positive declaration and statement of fact under oath, cognizance will be taken of the matter. No person, be he government agent or otherwise, has any right or license to attempt to persuade, coerce, or in any manner influence the action of a grand juror other than as a sworn witness giving testimony before the entire body.

The motion to strike is granted.