### COMMONWEALTH *vs.* JAMES WOODS.

An indictment for knowingly having in one's possession a false, forged and counterfeit promissory note is supported by evidence of the possession of a genuine note which has been altered.

A bill of a bank in another state is a promissory note, within the meaning of the Rev. Sts. c. 127, § 2.

Whether it is a fatal variance, in setting out a bank bill according to its tenor, to substitute "Cashier" for "Cash$^r$" — *quære.*

It is no variance in an indictment to set forth a name as "Droun," which is actually "Drown."

A grand jury, without examining witnesses anew, may find an indictment as a substitute for another indictment found by them upon an investigation of the facts at a previous term.

INDICTMENT on the Rev. Sts. *c.* 127, § 2, found at June term 1857 of the municipal court of Boston, and alleging that the defendant, on the 5th of April 1857, at Boston, "had in his custody and possession a certain false, forged and counterfeit promissory note for the payment of money, of the tenor following, that is to say :

" State of Rhode Island.   The Liberty Bank will pay, Providence, Aug. — 1854, to bearer ten dollars on demand.

C. R. Droun, Cashier.                    D. Evans, Pres$^t$.

unless upon said promissory note there is a date of the day in the month of August eighteen hundred and fifty four, which is to said jurors unknown; the said James then and there knowing the same to be false, forged and counterfeit, with intent thereby then and there to injure and defraud."

A second count, after the name of Droun, had the abbreviation " Cash$^r$ " instead of the word " Cashier."

Trial before *Nash*, J., who signed a bill of exceptions, the material parts of which were as follows :

" The government offered in evidence, to sustain said indictment, a bank note as the promissory note therein set forth. The defendant objected to its admission. But the court admitted the same, and ruled that, under the allegation of a promissory note, it was not a variance to prove a bank note or bank bill.

" The cashier testified that the bank bill produced was originally a genuine one dollar bill ; that the figure I had been taken out and X put in, and 'one dollar' taken out and 'ten dollars' put in; and that the day of the month between August and 1854 had been obliterated in removing the figure 'one.' The defendant objected that such proof of an altered bill did not support the allegation of the indictment. But the court admitted the testimony.

" In setting forth the tenor of the bill in the indictment, after the name ' C. R. Droun ' was written the word ' Cashier.' On the bank note put in evidence it was ' Cash$^r$.' The defendant objected that this was a variance. The court ruled that this was no variance, if both words or combination of letters sounded substantially the same. And both sides treating the question as one for the court, the court decided that they did, and that there was no variance.

" The defendant contended that in the indictment the name of the cashier was spelt with the letter ' u,' viz : ' Droun ; ' whereas upon the bill the name was spelt with a ' w,' viz : ' Drown,' and that this constituted a variance. The court ruled as upon the preceding objection.

" During the trial before the jury it appeared that some of the government witnesses were not before the grand jury at the term at which this indictment was found. Certain inquiries thereon following, it appeared, from the statement of the Commonwealth's attorney, (which it was agreed should be received as sworn testimony, if the facts stated therein were at said stage competent, which the government denied, and subject to all objections on either side as to its competency,) that at May term

Commonwealth *v.* Woods.

1857 three false, forged and counterfeit bank notes were before the grand jury; that, on due evidence, said grand jury duly found and returned into court three indictments against the defendant for uttering said notes, each on distinct occasions; that all of said indictments were alike in their allegations, except that, in setting out the tenor, one read 'Aug. 3, 1851,' another 'Aug. — 1854,' and the third 'Aug. 7, 1854'; that in the mean time, the Commonwealth's attorney having become convinced that the date of the day of the month had by the process of the alteration or forgery been substantially obliterated, and, on inspection, was practically a blank, brought the matter before the same grand jury at the succeeding June term; and thereupon the grand jury, without the examination of any witnesses at said June term, and at the suggestion and request of the Commonwealth's attorney, returned three new indictments against the defendant for the same three distinct utterings, and on the same three bank notes, as the first three indictments, and as substitutes for the original indictments, one of which is the present, and in all of which the date of the bill was set forth as in this one.

" Thereupon the defendant moved that, for the above reasons, and on the ground that it did not appear that he was upon trial for the same offence for which he stood indicted, the indictment be quashed. The judge overruled the motion."

The jury returned a verdict of guilty, and the defendant alleged exceptions to the rulings above stated, and also to the overruling of a motion in arrest of judgment, founded upon the manner of the finding of the indictment.

*N. St. J. Green,* for the defendant. 1. The allegation of a false, forged and counterfeit note is not supported by evidence of an altered note. At common law an altered note is a forged note; but in the statutes of Massachusetts the word " forged " is used in a restricted sense, and alteration is not forgery. Rev. Sts. *c.* 127. *Kirby* v. *State,* 1 Ohio State R. 185.

2. The allegation that the defendant had in his possession a certain promissory note is not supported by evidence that he had in his possession a bank note or bank bill. *State* v. *Ward,*

6 N. H. 529. *State* v. *Hayden*, 15 N. H. 355. If "promissory note," under the Rev. Sts. *c.* 127, § 2, includes a bank bill of another state, then the punishment is twice as great for counterfeiting a bank bill of another state, as for counterfeiting a bill of a bank incorporated in this state, under § 6.

3. The variance between the word "Cashier" and the combination of letters "Cash^r" is material. Whether words are *idem sonantia* is a question for the jury. *Regina* v. *Davis*, 1 Lead. Crim. Cas. 346.

4. It was a question of fact for the jury whether the erroneous spelling of the name of the cashier was or was not a variance. The parties did not treat this question as one for the court.

5. The objection to the irregularity in the finding of the indictment was taken seasonably, in a proper manner, supported by competent evidence, and the proceedings must be quashed. *Rex* v. *Dickinson*, Russ. & Ry. 401. *Low's case*, 4 Greenl. 439. *State* v. *Cain*, 1 Hawks, 352. *United States* v. *Coolidge*, 2 Gallis. 364. *The King* v. *Bridgewater & Taunton Canal*, 7 B. & C. 514. If this is regarded as an amendment of one of the former indictments, then it was amended after it had been returned into and made a part of the record of the court, and had passed out of the jurisdiction of the grand jury. If it is regarded as a new indictment, then it was found without evidence. The defendant was not tried for the same offence for which he stood indicted.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. 1. There is no legal ground for the objection that evidence tending to show that the bank note described in the indictment was originally a genuine note for one dollar, and had been fraudulently altered to one purporting to be for ten dollars, was incompetent under an indictment alleging a forgery of such ten dollar bank note. In a case like the present, the indictment is properly framed where it charges the defendant with having in his possession a forged promissory note, and uttering and passing the same as true, although the proof of the forgery be merely the false and fraudulent altering of a

genuine bank note. If any part of a true instrument be altered, the indictment may allege it as a forgery of the whole instrument. 2 East P. C. 978. 2 Russell on Crimes, (7th Amer. ed.) 320. Archb. Crim. Pl. (13th ed.) 467. The distinction is, that where the forgery is of a mere addition to the instrument, which has not the effect of altering the instrument itself, but is merely collateral to it, the forgery must be specially alleged Archb. Crim. Pl. *ubi supra.*

2. The indictment properly describes the instrument alleged to have been forged to be " a promissory note." The instrument alleged to be forged was a bank bill of a bank incorporated and doing its business in another state. A careful examination of our statutes leads to the conclusion that there is no provision in terms for punishing the offence of uttering and publishing as true a counterfeit bill of another state, unless it is embraced in the general provision for punishing the offence of uttering and publishing forged and counterfeit promissory notes, knowing them to be such. The words used in the Rev. Sts. *c.* 127, § 2, are quite broad enough to include such bank bills or notes, and the only objection to thus applying them is that which arises from the fact that there are various provisions in other parts of this same chapter of the revised statutes, providing punishments and penalties for knowingly having bank bills in possession that are forged and counterfeit, with intent to pass them as genuine, as well as the further provision in § 6, for the punishment of uttering and publishing counterfeit bank bills of banks within the Commonwealth, and making the maximum of punishment in such latter case less than that provided in § 2, for uttering and publishing promissory notes.

This question is not a new one. Much the same question arose under the earlier *St.* of 1804, *c.* 120. It was somewhat considered in the case of *Brown* v. *Commonwealth*, 8 Mass. 59. The form of indictment was sanctioned in *Commonwealth* v. *Carey*, 2 Pick. 47, and again in the municipal court of Boston by Thacher, J. in *Commonwealth* v. *Riley*, Thach. C. C. 67, where the objection was taken that a bank bill was not a promissory note within the *St.* of 1804, *c.* 120, but it was said that the

form of indictment was conformable to the practice in such cases in the highest criminal courts.

The Rev. Sts. *c.* 127, § 2, may, we think, be considered as equally authorizing this form of describing bank bills of other states in cases of indictment under it. The cases of *State* v. *Ward*, 6 N. H. 529, and *State* v. *Hayden*, 15 N. H. 355, hold differently, but under a statute having more distinct provisions for punishing the offence of uttering and publishing counterfeit bank bills of another state. As already remarked, we have no provision by statute for punishing this offence, unless it is found in the second section of *c.* 127 of the Rev. Sts., punishing the uttering and publishing of forged and counterfeit promissory notes. We think, under our practice heretofore recognized, and upon the proper construction to be given to *c.* 127 of the Rev. Sts. the form of the indictment was proper in the present case to authorize the admission of the evidence tending to prove the uttering and publishing counterfeit bank bills of another state, knowing them to be forged and counterfeit.

3. As to the question of variance, in that the indictment describes a bank bill purporting to be signed by C. R. Drown, " Cashier," whereas the bill offered in evidence purports to be signed by C. R. Drown, " Cash᷊ ", using an abbreviated form of expression, we have no doubt great strictness is required in the recitals where, as in the present case, the indictment alleges the counterfeit promissory note " to be of the tenor following." But whether this would be such an error as would be fatal, we have not found it necessary to decide, as this objection applies only to the first count, and in the second count, charging the same offence, the description accords with that of the bank bill produced in evidence, and judgment may therefore be taken on that count.

4. Some objection was suggested to the manner of describing the name of the cashier ; the defendant insisting that in the indictment the name of the cashier was spelt with the letter " u," viz : " Droun ; " whereas upon the face of the bank bill offered in evidence it was spelt " Drown," and this was urged to be a variance. But we think it would savor quite too much of nicety

to attempt to distinguish between the two letters as they appear in the present case, or to say that the name, as set forth in this indictment, did not correspond with the name as written on the face of the bank bill.

We perceive no legal objection to the course of proceedings in reference to the finding of the present indictment, nor any ground for arresting the judgment for that cause, if there were not other objections to taking this point.

*Exceptions overruled*