# NORDLINGER *v.* UNITED STATES.

---

CRIMINAL LAW; GRAND JURY; CONSTITUTIONAL LAW; FORMER ACQUITTAL; TWICE IN JEOPARDY; LARCENY.

1. It is competent for the grand jury, without rehearing witnesses, to return a second indictment against a party already indicted, wherein they merely correct a formal description in the first indictment.

2. One is in jeopardy within the meaning of the Fifth Amendment of the Constitution of the United States, protecting all persons from being twice put in jeopardy for the same offense, when put upon trial before a court of competent jurisdiction upon an indictment sufficient to sustain a conviction, and a jury has been impaneled and sworn to try him; and a formal judgment of conviction after a trial regularly conducted is a protection against further prosecution for the same offense.

3. On a plea of former acquittal, the test of the identity of the offenses is whether the facts necessary to conviction under the second indictment would have been sufficient, if proved, to have warranted a con-

viction under the first indictment.    (Following *Hopkins* v. *United States*, 4 App. D. C. 430.)

4. An indictment for larceny is sufficiently certain if the thing stolen be designated by the generic name of the class to which it belongs, and in such case a conviction may be had upon proof of the unlawful taking of a specific thing within that class.

5. A verdict of acquittal erroneously directed by the trial court in a prosecution for larceny on the ground of a variance between the indictment and the proof, in that the stolen articles described in the indictment as pianos were shown in the testimony to be autolectras, or auto-electric pianos, will support a plea of former acquittal to a subsequent indictment for the same offense, wherein the articles are given the latter description.

No. 1430.   Submitted November 1, 1904.   Decided December 13, 1904.

HEARING on an appeal by the defendant from a judgment of conviction of the Supreme Court of the District of Columbia, sitting as a criminal court, after a verdict had been rendered finding him guilty of grand larceny.                    *Reversed.*

The COURT in the opinion stated the case as follows:

The appellant, Burt Nordlinger, was charged in an indictment, having two counts, with the commission of the offense of grand larceny.    Each count charged the unlawful taking of "a certain musical instrument known as and called an auto-electric piano and autolectra of the value of $100," the same being the property of the American Auto-Electric Piano Company, a body corporate, etc.

On March 9, 1904, he moved to quash the indictment on certain grounds supported by affidavit.    These were, substantially, that the defendant had been indicted for the same larceny in a former indictment, and acquitted on March 8, 1904; that he was then held to await further proceedings before the grand jury of the same court, and that the grand jury returned the indictment under which he was now arraigned, without the examination of any witnesses, or hearing any testimony whatsoever.    On the hearing of the motion the district attorney admitted that no

witnesses had been called, but that the grand jury had, immediately after the first trial, returned the second indictment, merely changing the description of the stolen property from piano, as charged in the former indictment, to the specific musical instrument as described in the second. The court upon this substantial admission of the facts set out in the motion to quash, overruled the same, whereupon defendant excepted. Defendant then entered a plea of former acquittal, alleging the former indictment which charged the larceny of two pianos of the value of $100 each, and the property of the American Auto-Electric Piano Company, in two counts, one being described in each count as aforesaid. It was shown that the defendant had been brought to trial on March 8, 1904, upon this indictment; that witnesses had testified that the instruments stolen were called autolectras, and that, for this variance between allegations and proof, a verdict of not guilty had been returned under the direction of the court. It was made certain that the musical instruments described in one indictment as pianos and in the other as auto-electric pianos and autolectras, were the same in fact, and were the property of the corporation described as owner in each indictment. The court overruled the plea and refused to submit it to the jury, the action being equivalent to sustaining a demurrer thereto, though not so formally recited in the bill of exceptions. The proof being ample to sustain the charge of larceny, a verdict of guilty was returned. Motions in arrest and for new trial were overruled, judgment was entered on the verdict, and defendant has appealed.

*Mr. Levi H. David* for the appellant.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. C. A. Keigwin,* Assistant, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

Whilst the proceedings on behalf of the defendant were not

technically regular, they are sufficient in substance to bring the action of the court before us for review on both points.

1. Without undertaking to determine to what extent an inquiry into the proceedings of a grand jury will be permitted, we think it sufficient to say that it was competent for that body, without rehearing witnesses, to return a second indictment against the same party for the same offense, wherein they merely corrected a formal description in the first. *Byers* v. *State,* 63 Md. 207; *Whiting* v. *State,* 48 Ohio St. 220, 27 N. E. 96; *Creek* v. *State,* 24 Ind. 151.

2. The next question is on the sufficiency of the plea of former acquittal. The Fifth Amendment [of the Constitution of the United States] protects all persons from being twice put in jeopardy for the same offense in the courts of the United States. And one is in jeopardy when put upon trial before a court of competent jurisdiction, upon an indictment sufficient to sustain a conviction, and a jury has been impaneled and sworn to try him. How far this putting in jeopardy is protection against further prosecution, under certain conditions of dismissal, withdrawal of the jury, mistrial, arrest, or reversal of the judgment, and possibly others, is unnecessary to be considered, for here the trial under the first indictment proceeded regularly and ended in a formal judgment of acquittal. The court had unquestioned jurisdiction, and the indictment was, on its face at least, technically formal and substantially good. As has been seen, the property charged in each indictment was the same in fact though described somewhat differently, belonged to the same owner, and was unlawfully taken under the same circumstances from the possession of the same person, at the same time and place. The test of the identity of offenses that has commonly been applied in such cases is whether the facts necessary to conviction under the second indictment would have been sufficient, if proved, to warrant a conviction under the first. *Hopkins* v. *United States,* 4 App. D. C. 430, 436; 17 Am. & Eng. Enc. Law, p. 597; 12 Cyc. Law & Proc. p. 280. For an application of this rule see *United States* v. *Nickerson,* 17 How. 204, 212, 15 L. ed. 219, 222.

Applying that test, which is sufficient for the purposes of this case, we are of the opinion that the court erred in overruling the plea. "Piano" is the short and commonly used name for piano forte, which is defined in the Century Dictionary as "a musical instrument of the percussive group, the tones being produced by blows of hammers upon stretched strings, and the hammers being operated from a key board." It is the name of a class of which several kinds are mentioned, among them cabinet, cottage, grand, pedal, square, upright, and electric pianos, and the electric piano is defined as follows: "A piano forte whose wires are set in vibration by electro magnets instead of hammers."

It would seem clear, then, that a musical instrument answering the general definition above given belongs to the class called piano, regardless of its style or whether it be operated by hand or mechanical device. The agent of the owner said that the one in question was "built like an upright piano of standard make, and the name of the said instrument was an auto-electric piano." The testimony of all the witnesses shows that they regarded the instrument as a piano. Throughout their examinations it was almost invariably called piano. The inventor, in testifying, mentioned its name as "piano or auto-electric," and when asked if he had seen one of the pianos, said: "Yes; said instrument had the number 1082 upon it; it was one of the pianos I built."

It is a generally recognized rule in criminal pleading that an indictment for larceny is sufficiently certain if the thing stolen be designated by the generic name of the class to which it belongs. And it is the generally accepted doctrine that in such case a conviction may be had upon proof of the unlawful taking of a specific thing clearly within that class. For example: Proof that the accused took a gelding or a mare will ordinarily support an indictment for taking a horse. We need not consume space with the citation of the decisions sustaining this view. Many of them are collated in 12 Enc. Pl. & Pr. pp. 984 *et seq.*

Believing, therefore, that the evidence given in this case was admissible on the trial under the first, and would have justified a conviction, the judgment must be reversed and the cause re-

manded for further proceedings not inconsistent with this opin-
ion.    It is so ordered.                    ·            *Reversed.*