## STATE v. C. W. YOUNG and Another.[1]

December 23, 1910.

Nos. 16,838—(38).

**Contempt of court — charge of misconduct against grand jury.**

The presentation of a petition to the court praying for the resubmission of certain charges of a violation of the law, which had been theretofore submitted to the grand jury and by that body considered and reported back to the court that no indictments were found, *held*, since the report of the grand jury that the charges had been considered and no indictment found was a final determination of the same so far as concerned the reporting jury, not a contempt of court, though the petition contained groundless charges of misconduct on the part of the grand jury.

Petition to the district court for Ramsey county by C. W. Young and John A. Vye alleging failure, neglect, misconduct and misconception of duty on the part of the grand jury in relation to a complaint presented to that body against certain persons for violating the Sunday liquor ordinance; alleging similar failure and miscarriage of justice on the part of other grand juries, suggesting as the cause the method pursued in selecting the panel, and requesting the court to reinstruct this grand jury and resubmit these cases to this or another grand jury, and asking for a new method of choosing the panel in Ramsey county. Upon the affidavit of the members of the grand jury criticised, an order was obtained from Orr, J., directing the petitioners to show cause why they should not be punished for contempt of court. The petitioners made answer and the matter was heard before Orr, J., who found that C. W. Young and John A. Vye were guilty of contempt of court and fined them $50 each, and in default of payment they be committed to the county jail for a period of five days. From an order denying defendants' motion for a new trial, they appealed. Reversed.

*Daniel W. Doty,* for appellants.

*Richard D. O'Brien* and *Patrick J. Ryan,* for the State.

[1] Reported in 129 N. W. 148.

BROWN, J.

Defendants in this proceeding were instrumental in detecting and bringing to light alleged violations in the city of St. Paul of the statutes prohibiting the sale of intoxicating liquors on Sunday. They reported several cases of such violation to the county attorney of Ramsey county, and that officer in the discharge of his duties submitted the same, together with the evidence, to the grand jury at the October, 1909, general term of the district court. The grand jury, after duly considering the evidence and charges made, reported to the court that no indictments were found.

Thereafter, and while the grand jury was still in session, and in discharge of their duties in the consideration of other matters, defendants, through their attorney, presented to the court a lengthy petition, in which it was asserted, in substance and effect, that the grand jury had failed to give proper consideration to the charges mentioned, had refused to hear all the evidence attainable, and had grossly failed in the performance of their duties. The petition contained severe and pointed criticisms of the jury, and in effect charged a wilful neglect of duty. The petition was signed by the attorney, though made on behalf of defendants and verified by them, and prayed for an order resubmitting the charges mentioned to the same or another grand jury. A subsequent motion to strike the petition from the files was denied by the court. The court took the petition under advisement, and after several days of careful consideration of its allegations in effect found them true and ordered the matters resubmitted to the grand jury at the January, 1910, term of the court. The petition was presented and filed with the court on the twelfth day of November, 1909, and the order of resubmission was duly entered on the eighteenth of the same month.

Thereafter, on November 30, certain members of the grand jury presented and filed with the court an affidavit, in which they charged and asserted that many of the statements of fact contained in the defendants' petition for a resubmission of the matters to another grand jury were untrue; that by filing said petition defendants attacked the dignity and integrity of the court and the grand jury thereof, and by insult and aspersions tended to bring the court and

113 M.—7.

the grand jury into discredit and disrepute, thereby obstructing and interfering with the administration of justice in said court. The affidavit prayed for the apprehension of defendants and their punishment for contempt of court, and that the defendants' petition be stricken from the files.

The court gave this affidavit due consideration, and on the sixteenth day of December, 1909, issued an order citing defendants to appear and show cause why they should not be punished for contempt in presenting and filing therein their said petition. The order to show cause came on for final hearing December 29, and the court thereafter, on February 11, 1910, made an order adjudging defendants guilty of contempt, and imposed upon each a fine of $50 or five days in jail. Defendants appealed from an order denying a new trial.

It is elementary that publication in newspapers, or impertinent, scandalous, or contemptuous language inserted in pleadings, affidavits, or petitions filed in court, concerning a pending cause, by which it is sought to influence the action of the court therein, and prevent a fair and impartial hearing, thus embarrassing the due administration of justice, constitute a contempt of court, and may be summarily punished. But by the weight of authority the rule does not apply to proceedings which have been fully terminated, and brought to a close by final decision. And however strong and abusive a criticism of a court or any of its officers may be, having reference to past proceedings, the remedy is not by an exercise of the arbitrary power of punishment for contempt, but by an action, civil or criminal, for libel or slander, as the case may be. State Board of Law Examiners v. Hart, 104 Minn. 88, 116 N. W. 212, 17 L.R.A. (N.S.) 585, and cases there cited.

The rule is so clearly and tersely stated in the opinion referred to that further discussion would shed no additional light upon the subject, and we have only to inquire whether the proceedings before the grand jury with reference to the matters here in question were brought to a final termination, and the jurisdiction of that body to proceed futher therein ended, by the report to the court that the matters had been duly considered, with the result that no indictments

were found; for, if thus finally terminated, the court below had no jurisdiction to proceed against defendants for contempt of court. In that event the case comes within the rule that the decisions and proceedings of courts and their officers are, after the final termination thereof, open to criticism by the public press or by individuals, a privilege guaranteed by the constitution, but subject to responsibility in an appropriate action for an abuse of the same.

We are of the opinion that the final report of the jury that the matters had been considered and no indictments found finally ended the proceedings before the jury, and that the presentation of the petition by defendants, asking for a resubmission thereof, was not a contempt of court. The petition, in so far as a criticism of the action of the jury, concerned a past transaction, and does not come within the rule applicable to a pending proceeding.

Our statutes (section 5295, R. L. 1905) provide that if "twelve grand jurors shall not concur in finding an indictment or presentment, the charge shall be dismissed, but such dismissal shall not prevent its being again submitted to a grand jury as often as the court shall direct." Under this statute it is clear that a report to the court of no indictment found in a matter which has been regularly submitted to and considered by the grand jury is a complete termination of the authority of the jury in respect to the particular charge so reported upon. The matter of resubmission rests with the court, and if no order to that effect be made the court has no alternative but to dismiss the charge, when application is made therefor. It cannot be said, therefore, that the petition in question, asking a resubmission of the matters, tended in any way improperly to influence the jurors, or to embarrass them in the discharge of their duties. The learned trial court was very careful to avoid that effect; for, instead of ordering a resubmission to the same grand jury, the charges were directed submitted to another jury at a succeeding term of court.

The grand jury is but a branch or department of the court, with limited and clearly defined authority, and in this respect occupies a position substantially like the petit jury. If a charge of misconduct, or even corruption, on the part of a petit jury in arriving at a

verdict, made in affidavits in support of a motion for a new trial, would not constitute a contempt of court, and clearly it would not, then the same rule must apply to the grand jury respecting criticism or censure for proceedings had and taken and finally ended by that body; and though a baseless charge of misconduct or corruption on the part of either jury in respect to matters pending before them would naturally tend to embarrass the members thereof in the discharge of their duties, and hence interfere with the orderly administration of justice, no such effect naturally or otherwise follows from a criticism respecting matters theretofore finally ended and taken out of the further jurisdiction of the jury.

The improper interference with the administration of justice is the foundation of all contempt proceedings, and this does not follow from facts like those at bar.

· The case is substantially like Storey v. People, 79 Ill. 45, 22 Am. Rep. 158. In that case the grand jury had reported an indictment against Storey, the publisher of a newspaper, who immediately thereafter composed and published in his paper a severe arraignment of the jury, while they were still in session, charging corruption and misconduct. It was held that the authority of the grand jury in the particular matter terminated with the return of the indictment, and the editor was not subject to punishment for contempt, and that the remedy against him was either a civil action for damages or prosecution for criminal libel. The decision has been widely cited with approval by other courts. 4 Notes to Ill. Reports, 315. · See also collection of authorities in 17 L.R.A.(N.S.) 572–585.

There can be no substantial distinction, so far as concerns a termination of the authority of the grand jury, between a case where an indictment is returned and one where the jury reports no indictment as the result of their consideration of the charge. In either case, in the absence of express directions from the court, the authority of the jury ceases with the report.

We therefore hold that the conduct of defendants in the presentation of the petition for resubmission of the matters to another grand jury concerned a proceeding not then pending before the jury, and there was no contempt in its presentation.

Order reversed.