## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### May 18, 1917.

## THE PEOPLE v. CLARENCE LAWSON.

(178 App. Div. 224.)

ROBBERY IN FIRST DEGREE—EVIDENCE.

Prosecution of a colored man for the crime of robbery in the first degree. Evidence examined, and *held*, that the interests of justice require a reversal of the verdict of conviction and a new trial.

APPEAL by the defendant, Clarence Lawson, from a judgment of the County Court of Rockland county, rendered against him on the 22d day of October, 1915, convicting him of the crime of robbery in the first degree, and also from an order denying his motion to set aside the verdict and for a new trial, and in arrest of judgment.

*Benjamin Levison,* for the appellant.

*Thomas Gagan, District Attorney,* for the respondent.

*Walter E. Warner,* for Colored Men's Branch Y. M. C. A., as *amicus curiæ.*

PUTNAM, J.:

The evidence for this prosecution, including the weakness of the testimony of the complaining witness, Burgess, who had been five times arrested as helplessly drunk, and had twice before made charges that he had been robbed, requires us to

scrutinize this trial.   Having brought out that the appellant, a colored man, had been seen with one Hamilton (who was indicted as an accomplice, but had not been apprehended) before this robbery, the learned district attorney asked one Kipple as to meeting Hamilton three or four days after this robbery: " Q. Did Phillip Hamilton on that railroad train at that time in conversation with you describe to you how he and Clarence Lawson (this appellant) held up and robbed Birges and divided the money? "   Exclusion by the court followed, but the sinister effect had been produced.   It is contended that this was proving the declarations of a co-conspirator, where the confession of one jointly committing a crime may be received against the other.   But such admissions are inadmissible after the conspiracy has come to an end.   (Logan v. United States, 144 U. S. 263, 309.)

The cross-examination of this colored boy made him characterize the adverse witnesses as " falsifying."   Applying this to Miss Schuh, led to a question appealing to color prejudice: " Q. You are not even in her station of life, you are of a different color.   There is no reason that she would falsify?   A. No."

The interests of justice require a reversal and a new trial.

JENKS, P. J.; THOMAS, MILLS and RICH, JJ., concurred.

Judgment of conviciton of the County Court of Rockland county reversed and new trial ordered.