## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### March 31, 1921.

## THE PEOPLE v. CHARLES RAGAZINSKY ET AL.

(195 App. Div. 743.)

TRIAL—EVIDENCE CORROBORATING IDENTIFICATION—EVIDENCE THAT COM-
PLAINING WITNESS POINTED OUT DEFENDANTS IN LINE OF SEVERAL MEN IS.
INADMISSIBLE.

On a prosecution for robbery it is reversible error to admit evidence
of police officers and the complaining witness that the latter pointed out
the defendants, who were lined up with several other men, as the ones.
who committed the crime.

APPEAL by the defendants, Charles Ragazinsky and another,
from a judgment of the County Court of the county of Queens,
rendered on the 9th day of December, 1918, convicting them.
of the crimes of robbery in the first degree, grand larceny in
the first degree, and assault in the second degree.

Over the objection and exception of the defendants the trial
court admitted evidence by police officers and the complaining
witness to the effect that several men were lined up and the
prosecuting witness pointed out the two defendants as the
persons who committed the crime.

Otha S. Bowling (Robert H. Elder and Charles E. Russell
with him on the brief), for the appellants.

Joseph Lonardo, Assistant District Attorney, for the
respondent.

BLACKMAR, J.:

The defendants were convicted of the crimes of robbery,
grand larceny and assault, committed upon the complainant on

the 15th day of February, 1918. They were tried in December, 1918, and a certificate of reasonable doubt was granted on the ground that upon the trial there was a violation of the rule of evidence laid down in People v. Jung Hing (212 N. Y. 393) and People v. Seppi (221 id. 62). Upon the argument of the appeal the district attorney appeared and frankly stated that he was not able to justify the ruling of the court in view of such decisions of the Court of Appeals. We have examined the record and agree with the district attorney that such error was committed and that there is no principle of law which, giving due recognition to the rule laid down in the cases above cited, justified the admission of the evidence. The sole litigated issue in the case was the identity of the defendants, which rested practically on the testimony of the complainant. The testimony erroneously admitted would tend strongly to induce in the minds of the jurors an acceptance of complainant's identification of the defendants as those concerned in the robbery.

We have noticed a disinclination on the part of many prosecutors and of some judges to accept the law as laid down by the Court of Appeals in the two cited cases. This either imposes upon the appellate court a laborious attempt to find some other theory on which the evidence so condemned could be admitted, or results in a reversal of the judgment. It would conduce to a desirable finality in criminal trials if the rule of law as to the admission of evidence such as that condemned in those cases should be recognized to its full extent, both by prosecutors and by the trial courts.

The judgment of conviction of the County Court of Queens county should be reversed and a new trial ordered.

MILLS, RICH, PUTNAM and KELLY, JJ., concur.

Judgment of conviction of the County Court of Queens county reversed and new trial ordered.