THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS MALKIN and Others, Appellants. (Appeal No. 2.)

Second Department, December 17, 1926.

Crimes — assault, second degree — evidence — evidence of prior identification was improperly admitted as to one defendant — evidence of identification not prejudicial error as to other, since he admitted presence at scene of crime — confession by one defendant admissible in so far as it contradicted his testimony on trial — said confession not admissible on ground of conspiracy between defendants.

On a prosecution for assault in the second degree, it was prejudicial error for the court to permit a witness to testify in detail to a prior identification by four persons of one of the defendants who contended that he was not present at the place where the crime was committed, but it was not prejudicial error to admit evidence of prior identification of another defendant, since he admitted that he was present at the scene of the crime, his only defense being that he was not concerned in the perpetration of the assault, on which question the evidence is sufficient to sustain the jury's verdict.

*It seems,* that a confession made by one of the defendants is admissible for the purpose of contradicting the testimony given by him on the trial in behalf of the other defendants and not generally against the other defendants.

Said confession was not rendered competent against the other defendants by reason of a conspiracy, for it was not in furtherance of the common scheme or design.

Appeal by the defendants, Morris Malkin and others, from a judgment of the County Court of the county of Nassau, rendered on the 4th day of June, 1926, convicting them of the crime of assault in the second degree.

*George Sylvester* [*George Z. Medalie* with him on the brief], for the appellants Malkin and Franklin.

*Seward G. Spoor, Assistant District Attorney* [*Elvin N. Edwards, District Attorney,* with him on the brief], for the respondent.

Per Curiam. The admission of the testimony as to previous identifications of the defendants Malkin and Franklin was error. (*People* v. *Jung Hing,* 212 N. Y. 393; *People* v. *Seppi,* 221 id. 62; *People* v. *Ragazinsky,* 195 App. Div. 743; *People* v. *Russell,* 197 id. 239; *People* v. *Barbuti,* 207 id. 285; *People* v. *Conti,* 215 id. 270; *People* v. *Domenico,* 204 id. 754; *People* v. *Keller,* 186 id. 534.) In *People* v. *Ragazinsky* (*supra*) former Justice Blackmar, speaking for this court, said: " The testimony erroneously admitted would tend strongly to induce in the minds of the jurors an acceptance of complainant's identification of the defendants as those concerned in the robbery. We have noticed a disinclination on the part of many prosecutors and of some judges to accept the law as laid down by the Court of Appeals in the two cited cases. This either imposes upon the appellate court a laborious attempt to find some other theory on which the evidence so condemned could be admitted, or results in a reversal of the judgment. *It would conduce to a desirable finality in criminal trials if the rule of law as to the admission of evidence such as that condemned in those cases should be recognized to its full extent, both by prosecutors and by the trial courts.*" In *People* v. *Jung Hing* (*supra*) the Court of Appeals declared: " It is to be borne in mind also that this evidence was received not merely in violation of the defendant's right to a fair trial, but in contravention of a rule which we cannot ignore without introducing confusion into the body of our law." The error in the admission of such evidence in this case cannot be overlooked. A witness was permitted to testify to all the details of an identification by four different persons. This error was too substantial to be overlooked. Testimony of a similar character was given as to the defendant Basoff, but with not quite such

particularity. The admission of this testimony as to him, however, does not require a reversal, for the reason that the question of identity in his case was not material. According to his own testimony he was present at the scene of the assault. Therefore, the only question in his case was whether he was concerned in the perpetration of the assault, and as to this question the evidence was ample to justify the jury's verdict. Although not material to this decision, it is perhaps proper for the court to say, in view of the new trial which is to be had, that the denial of the defendant's request to charge, as to the statement of confession made by Basoff, was not error, but the reason assigned therefor was erroneous. The court was requested to charge that this statement or confession could not be considered against the defendants Malkin and Franklin, but only against the defendant Basoff. This request was denied, upon the ground that the defendants were co-conspirators and engaged in the execution of a common scheme or design. Basoff had testified as a witness for the defense. His testimony, in so far as it tended to exculpate the other defendants, was to be considered in their behalf, and in so far as his statement or confession contradicted that testimony it was competent against them. It, however, was not rendered competent against them by reason of any conspiracy, because it was not in furtherance of the common scheme or design. (*People* v. *McQuade,* 110 N. Y. 284; *People* v. *Stetz,* 206 App. Div. 223; *People* v. *Davis,* 56 N. Y. 95; *People* v. *Lawson,* 178 App. Div. 224; *People* v. *Hassan,* 196 id. 89.) The reason assigned by the court permitted the jury to consider the evidence generally against the defendants. This, however, was but a technical error. (See Code Crim. Proc. § 542.) The only important part of the statement is that it may be construed as saying that the defendants Malkin and Franklin went upstairs to where the shop of the Barnetts was located. On the trial Basoff testified that they did not. In contradiction of this testimony the statement was competent.

The judgment of the County Court of Nassau county should be reversed upon the law as to defendants Malkin and Franklin, and a new trial ordered, and the judgment as to defendant Basoff should be affirmed.

KELLY, P. J., JAYCOX, MANNING, YOUNG and LAZANSKY, JJ., concur.

Judgment of the County Court of Nassau county reversed upon the law as to defendants Malkin and Franklin, and new trial ordered, and judgment as to defendant Basoff affirmed.