Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crime of robbery in the first degree. Judgment reversed on the law, and a new trial ordered. The findings of fact implicit in the verdict of the jury are affirmed. In our opinion, the court below erroneously received in evidence, during the People’s case, a photograph of the defendant, in connection with the testimony of a witness that shortly after the alleged robbery he had described to the police the appearance of the robbers and had identified the photograph as that of one of the men who had committed the crime. This evidence was received on the direct examination of the witness, and before there had been any attempt on the part of the defendant to impeach him. While it tended to identify the defendant, it was not evidence that the witness had on a previous occasion identified “ such person” (Code Crim. Pro., § 393-b) and was, at this stage of the trial, at least, inadmissible. (People v. Jung King, 212 N. Y. 393; People v. Malkin, 218 App. Div. 635.) There was error also in receiving, over defendant’s objection, the testimony of the witness Plynn as to statements made to him by the witness Breiman, shortly after the robbery, concerning the description of the robbers and the identification of the photograph of the defendant. Breiman had not been impeached by suggestion that his testimony on the trial was inspired by the influence of the police. It was shown that on a previous occasion he had erroneously identified a detective, instead of the defendant, as one of the persons who had robbed him, and that thereafter, on the same occasion, and after talking to a police officer, he had identified the defendant. This did not permit the People, for the purpose of supporting Breiman’s credibility, to show that on another occasion, previous to this identification of the defendant, Breiman had selected from photographs shown him by the. witness one which he identified as a likeness of the defendant. (Robb v. Hackley, 23 Wend. 50; People v. Jung Hing, supra; People v. Katz, 209 N. Y. 311.) If we assume, however, that Breiman had been so far impeached as to permit evidence of his prior consistent statements, it was still necessary to show that they were made under circumstances which precluded the possibility of their being inspired by others. (People v. Jung Hing, supra.) This was not done. We are unable to say that the errors referred to were unsubstantial. (Cf. People v. Seppi, 221 N. Y. 62.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.