Van Voorhis, J.
Appellant is charged with molesting two young girls, one eleven and the other twelve years of age, upon a single afternoon in the borough of The Bronx. He was indicted for impairing their morals in violation of subdivision 2 of section 483 of the Penal Law, and, in each instance, for assault in the third degree. The jury acquitted him of both morals charges but found him separately guilty of assaulting these two girls. Upon the first of these assault convictions he was committed to the New York City Penitentiary for an indeterminate term under section 203 of the Correction Law (People v. Tower, 308 N. Y. 123). Sentence was deferred upon his conviction of assaulting the other girl until his release from the penitentiary under the first sentence. Defendant has appealed from both of these convictions. In Matter of Hogan v. Bohan (305 N. Y. 110) and People ex rel. Prosser v. Martin (306 N. Y. 710), it was held that the court lacks power to defer sentence indefinitely. Neither does the court have power to make commitments for consecutive indeterminate terms (People ex rel. Gordon v. Ashworth, 290 N. Y. 285). That means that where a defendant at the same time is convicted of two crimes for each of which separately he might be committed for an indeterminate term under section 203 of the Correction Law, sentence or the operation of sentence must be. suspended upon one, if he is to be sentenced pursuant to section 203 under either conviction unless indeterminate sentences upon both run concurrently. The deferment of sentence in this instance cannot be treated as equivalent to a suspension of sentence, as in People v. Shaw (1 N Y 2d 30), where the placing of a defendant on probation necessarily implied that sentence had been suspended. The sentence is the judgment in a criminal action, and in the absence of the entry of any judgment, or the suspension of sentence or the operation of sentence (Code Crim. Pro., §§ 517, 750), there is nothing from which a defendant can appeal (People v. Bork, 78 N. Y. 346; People v. Markham, 114 App. Div. 387; cf. People *73 v. Harcq, 292 N. Y. 321). Consequently we have no jurisdiction to entertain defendant’s appeal from his conviction under the fourth count of the indictment.
Our attention is therefore addressed to reviewing the second count under which he has been found guilty of assaulting the first-mentioned girl. The evidence upon which this charge is based consists of his placing his hands upon her person but without removing her clothing.
The crucial question concerns the identification of the defendant. He denied having done anything of this kind, and his implication in the affair depends upon the testimony of the girl whom he is charged with having molested. It will be recollected that the charges respecting his attentions to both of these girls were tried together, and his identification as the man who molested the girl with respect to whom sentence was deferred (count 4) probably influenced the jury in finding that he was the man who molested the other girl upon the same afternoon and in the same part of The Bronx (count 2). When it came to identifying the man who was involved with the girl with respect to whom sentence was deferred, the court erred in permitting two of her schoolmates to testify that she had identified defendant at the police station, and in permitting a detective to testify that these girls identified defendant upon the same occasion. Such testimony has long been held to constitute reversible error (People v. Jung Hing, 212 N. Y. 393, 401; People v. De Martini, 213 N. Y. 203). Section 393-b of the Code of Criminal Procedure relaxed this rule in 1927 to the extent of permitting a witness to testify to a previous identification by himself, but it does not allow someone else — as, for example, a detective — to testify to a declaration of identification by another as evidence of guilt of a particular defendant (People v. Trowbridge, 305 N. Y. 471). Moreover, these other children and the detective were allowed to testify to the previous identification of defendant by this witness by means of photographs. Appellant himself was not present at the police station. Testimony to prior identification from pictures has been held not to be admissible under section 393-b (People v. Hagedorny, 272 App. Div. 830).
The reception of this testimony was duly objected to at the trial. It is not to be confused with identification of a defendant by a witness in open court.
*74 Inasmuch as a new trial is to be had, it is appropriate to point out that the assistant district attorney who tried the case did not need to refer to defendant as a “ suspended police officer ” in his voir dire examination of prospective jurors. The defendant was to be tried by the jury being drawn, and the jurors need not have been informed, in effect, that the issue about to be presented to them had already been decided adversely to defendant by the police department.
Defendant’s appeal from his conviction under the fourth count should be dismissed; his conviction under the second count in the indictment should be reversed and a new trial ordered.
Conway, Ch. J., Desmond, Fuld and Burke, JJ., concur; Dye and Froessel, JJ., taking no part.
Judgment, insofar as it convicts defendant under the second count of the indictment, reversed and a new trial ordered. Appeal from so much of the judgment as convicts defendant under the fourth count of the indictment dismissed.