**Oma Roy EIDSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6179.**

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1959.

Richard C. McLean, Broomfield, Colo., for appellant.

Robert S. Wham, Acting U. S. Atty. for Dist. of Colorado, Denver, Colo., for appellee.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

BRATTON, Circuit Judge.

This was a prosecution under the Federal Kidnaping Act, 18 U.S.C.A. § 1201. The indictment charged that at Durango, Colorado, the defendant, Oma Roy Eidson, unlawfully and feloniously seized, confined, inveigled, decoyed, kidnaped, abducted, and carried away a named female eleven years of age, hereinafter referred to as the victim, against her will; that the defendant held the victim for the purpose of taking indecent liberties with her person and of making an assault upon her; that having seized, confined, inveigled, decoyed, kidnaped, abducted, and carried away and held the victim, the defendant knowingly, wilfully, wrongfully, unlawfully, and feloniously transported and caused her to be transported in interstate commerce from Durango to a described point in New Mexico where she was liberated, not unharmed, in that the defendant, during the course of the transportation and prior to the liberation, assaulted, raped bruised, lacerated, harmed, and otherwise injured her. The defendant was found guilty and sentenced to imprisonment for a term of forty years.

The first ground of error urged for reversal of the judgment is that the testimony of the victim relating to an extra-judicial identification of appellant as the person who kidnaped her was not admissible and was highly prejudicial. Throughout the trial, there was no substantial controversy respecting the fact that the victim was kidnaped; that she was transported from Colorado into New Mexico; that she was ravished in New Mexico; and that she was liberated in New Mexico just before the sun went down. The question of fact controverted at the trial was whether appellant was the person who committed the offense. His defense was an alibi. After testifying that appellant was the person who committed the offense, and after testifying in detail concerning facts and circumstances preceding, attending, and following the commission of the offense, the victim was permitted to testify over the objection of appellant that on the next day after the commission of the offense, she saw appellant at a lineup at the police or sheriff's office in Aztec, New Mexico; that she recognized him as the person who had been with her the day before; that she recognized him by the looks on his face and a few words which he said; that he was number five from the left in the lineup; and that she told a special agent for the Federal Bureau of Investigation that number five was the man. The cases relating to the admissibility of evidence tending to establish extra-judicial identification of the accused are not harmonious. Conflicting views have been enunciated. This court has not heretofore had occasion to explore the question. It is said in the brief of appellant that People v. Jung Hing, 212 N.Y. 393, 106 N.E. 105, is the leading case holding that evidence of that kind is inadmissible. That case was a prosecution for murder. The defense was an alibi. Several witnesses at the trial identified the accused as the person who had fired the fatal shot; and some of them testified that on a certain occasion they identified him in a lineup at the police station. It was held that where no effort has been made in the course of the trial to discredit or impeach the testimony of a witness who identifies the accused, testimony of such witness that on a previous occasion at a lineup of that kind he identified the defendant is not admissible for the reason that it merely bolsters the present testimony by a self-serving act or perform-

ance. That case was followed in certain later cases decided by the courts in New York. People v. Malkin, 218 App.Div. 635, 219 N.Y.S. 1; People v. Hagedorny, 272 App.Div. 830, 70 N.Y.S.2d 511; People v. Conley, 275 App.Div. 743, 87 N.Y. S.2d 745; People v. Cioffi, 1 N.Y.2d 70, 150 N.Y.S.2d 192, 133 N.E.2d 703. Apparently dissatisfied with the sweep of the rule, the legislature of that state in 1927 relaxed it by statute to the extent of permitting a witness to testify concerning a previous identification made by himself, but not allowing others to testify to it. People v. Cioffi, supra. Other cases have held that evidence tending to establish extra-judicial identification of the accused is not admissible. Blake v. State, 157 Md. 75, 145 A. 185; O'Toole v. State, 105 Wis. 18, 80 N.W. 915; Reddick v. State, 35 Tex.Cr.R. 463, 34 S.W. 274; Warren v. State, 103 Ark. 165, 146 S.W. 477; Thompson v. State, 223 Ind. 39, 58 N.E.2d 112; State v. Fleming, 354 Mo. 31, 188 S.W.2d 12; State v. Evans, 98 Or. 214, 192 P. 1062, 193 P. 927; Johnson v. State, 44 Okl.Cr. 113, 279 P. 933; Alberty v. State, 68 Okl.Cr. 246, 97 P.2d 904; State v. Lanegan, 192 Or. 691, 236 P.2d 438. In some of the cases, the testimony was characterized as hearsay, in some as self-serving, and in some as extra-judicial identification without further specificity. But without taking up such cases one by one, it may be said that in most of them the testimony given relating to the identification was by a person other than the one making the identification, oftentimes a peace officer, or someone else. And in some of the cases photographs were used in the making of the identification.

■ In this case, the challenge is directed solely and exclusively to the testimony of the witness who had herself identified the accused prior to the trial. After she identified appellant in the courtroom, her testimony that she had identified him on the earlier occasion had reference to her own mental processes in reaching the conclusion at the time of such earlier identification that she then knew him to be the person who had committed the offense. It was merely a statement made by her while on the witness stand that as the result of her own natural senses at the time of the earlier identification she knew that he was the person who kidnaped, transported, and ravished her on the immediately preceding day. And it is the rule clearly expressed in a definitely established line of well-considered cases with which we are in accord that such testimony is proper and appropriate as establishing a circumstance for the consideration of the jury in determining the question of identity. Bolling v. United States, 4 Cir., 18 F.2d 863; United States v. Forzano, 2 Cir., 190 F.2d 687; State v. Egbert, 125 Iowa 443, 101 N.W. 191; Briones v. State, 105 Ark. 82, 150 S.W. 416; Graves v. State, 118 Tex.Cr.R. 591, 40 S.W.2d 100; Yarbrough v. State, 105 Ala. 43, 16 So. 758; People v. Savage, 66 Cal.App. 2d 237, 152 P.2d 240. And see 4 Wigmore on Evidence, § 1130. In this connection, we are not to be understood as holding that in every instance the testimony of the person making the prior identification is admissible, regardless of the circumstances. Instead, we limit our holding to instances—as here—in which the person making the identification acted with no persuasive indication of undue influence or direction in connection therewith.

■ Another ground urged for reversal of the judgment is the insufficiency of the evidence to show that appellant knowingly transported the victim in interstate commerce. The substance of the argument is that the Federal Kidnaping Act, supra, by its terms requires as an element of the offense that the transportation across a state line be accomplished with knowledge on the part of the defendant, and that this element was not established. Durango, Colorado, and Farmington, New Mexico, are neighboring towns. Durango is a few miles north of the Colorado-New Mexico line, and Farmington is a few miles south of it. Appellant lived in Farmington. He spent several days in Durango immediately preceding the commission of the of-

fense laid in the indictment. He had traveled by automobile between the two towns. And he knew that the state line was between them. It was not essential that the Government prove as an element of the offense that appellant had specific knowledge of the exact location of the state line at the time he crossed it with the victim in the automobile with him. It was enough to show affirmatively that he knowingly set in motion the interstate trip; that he intentionally went to the place of his own selection; and that in doing so, he crossed the state line with the kidnaped victim in his custody.

■ The third ground advanced for reversal of the judgment is that the indictment was insufficient for failure to charge and the proof was insufficient for failure to show that the taking of the victim was without the consent of her parents. Reliance is placed upon Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198, to sustain the contention. But that case is clearly distinguishable from this one. That case involved the transportation in interstate commerce of a girl fifteen years of age with a mental age of seven. She was a member of the Fundamentalist cult of the Mormon faith, a cult which sanctions plural or "celestial" marriages. She entered into a celestial marriage according to the beliefs of the defendants and of herself; and the subsequent transportation of her in interstate commerce was in order that she and the person with whom she had entered into the cult marriage might go through a civil marriage ceremony. She consented to the celestial marriage and to the transportation in interstate commerce for the purpose of going through the civil marriage ceremony but she did not consent to an act of violence and she was not held in physical or mental detention. There was no unlawful restraint within the intent and meaning of the Act. And there is nothing in the case which indicates a judicial view that in a case of this kind a girl eleven years of age with ordinary mentality is incapable of withholding her consent to the act of being kidnaped and

transported in interstate commerce within the intent and meaning of the Act; and that therefore the indictment in such a case must charge and the proof must show that her parents did not consent thereto. We are clear in the view that within the framework of the Act, supra, the victim was capable of effectively withholding consent to the kidnaping and transportation, and that it was not necessary that the indictment charge and the proof show that her parents did not consent thereto.

■ Finally, it is urged that since no evidence was before the grand jury at the time it returned the indictment on which appellant was tried and convicted, the indictment should have been dismissed. Considered together and in their entirety, the record and briefs make it clear that the same grand jury returned two indictments against appellant; that both indictments charged a violation of the same statute arising out of the same facts and circumstances; that evidence was adduced before the grand jury as the basis for the return of the first indictment; that after the return of the first indictment, it was determined that the wording should be changed and modified in certain respects; that the second indictment was returned for the purpose of effecting such changes or modifications; that no new or additional evidence was presented to the grand jury between the return of the first and second indictments; and that appellant was tried and convicted on the second indictment. The grand jury having heard the witnesses once, it was not essential to the validity of the second indictment that they be recalled and give in the form of repetition the evidence previously given before the same grand jury. It was well within the province of the grand jury to return the second indictment without recalling the witnesses and hearing them anew. Whiting v. State, 48 Ohio St. 220, 27 N.E. 96; Commonwealth v. Clune, 162 Mass. 206, 38 N.E. 435; State v. Ginsberg, 167 Minn. 25, 208 N.W. 177; Worthem v. State, 82 Ark. 321, 101 S.W. 757; State v. Frot-

ten, 114 Vt. 410, 46 A.2d 921; People v. Gilbert, 26 Cal.App.2d 1, 78 P.2d 770; Nordlinger v. United States, 24 App.D.C. 406, 70 L.R.A. 227.

The judgment is affirmed.