■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB BERMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered September 2, 1981, convicting him of bribe receiving in the second degree and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. As a result of Criminal Term's erroneous ruling during the cross-examination of defendant's character witnesses, the jury was informed that defendant had been discharged from his position with the New York State Department of Taxation and Finance on the basis of the precise claims at issue in the trial. Despite Criminal Term's subsequent cautionary instructions, the effect of that ruling was to deny defendant his right to a fair trial (see *People v Rosenfeld,* 11 NY2d 290). Evidence of a prior administrative determination, which is often based upon a lesser standard of proof, is inherently prejudicial because of the persistent danger that jurors will defer to the administrative determination without properly considering the evidence presented (see *People v Rosenfeld, supra; People v Cioffi,* 1 NY2d 70; *People v Malkin,* 250 NY 185). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.