Van Voorhis, J.
These misdemeanor charges have their origin in the exaction of excessive premiums or compensation for giving bail.in New York County (Code Crim. Pro., § 554-b; the second degree perjury charges are that appellant falsely stated the amounts received for giving bail in his affidavits filed in compliance with § 554-c).
A Grand Jury, drawn in the Court of General Sessions, New York County, directed the District Attorney to proceed with the filing of an information containing these charges against the defendant in the Court of Special Sessions. The approval of the Court of General Sessions was obtained. This procedure was in exact conformity with section 742 of the Code of Criminal Procedure. The defendant pleaded not guilty in the Court of Special Sessions, and moved successfully under section 31 (subd. 1, par. [c]) of the New York City Criminal Courts Act to have the charge prosecuted by indictment. Whereupon the same Grand Jury met again, which had directed the filing of the information, and voted to indict upon the same counts as those contained in the information, but without hearing the evidence against the defendant a second time.
This failure to recall the same witnesses who had previously testified before the same Grand Jury, or to have their testimony read, is the principal point on which defendant asks a reversal of his conviction upon these charges. There is no precedent in this court upon the precise point. It was decided adversely to defendant by the First Department in two other cases arising out of this bail bond investigation by the Grand Jury (People v. Wasserberger, 1 A D 2d 952; People v. Gertner, 2 A D 2d 960). It was decided against defendant in People v. Falasco (121 Misc. 538) in connection with a superseding indictment. The Supreme Judicial Court of Massachusetts has held in Commonwealth v. Clune (162 Mass. 206, 213-214) that it is not necessary for a grand jury to examine the witnesses anew before finding a superseding indictment, stating that ‘ ‘ the fact that some of the grand jurors who found the original indictment were absent when the second indictment was found, and that others were present when the second indictment was found who were absent on the former occasion, did not render *178 the indictment invalid.” We agree with this statement of the law, provided that 12 of the Grand Jurors who heard the evidence also voted for this indictment (Code Grim. Pro., § 268; People v. Brinkman, 309 N. Y. 974).
Defendant’s main reliance is on People v. Knatt (156 N. Y. 302), which held that the misdemeanor charged therein was exclusively within the jurisdiction of a court of special sessions under section 56 of the Code of Criminal Procedure, until a certificate of removal had been obtained under section 57, and that the late Court of Oyer and Terminer lacked authority to inquire into the charge in the absence of such a certificate. The controlling sections of the Code of Criminal Procedure in that case did not contain the clause in section 742 of the Code of Criminal Procedure that criminal actions in courts of special sessions in New York City may be prosecuted by direction of a grand jury. It is clear that this Grand Jury at the least had jurisdiction to inquire into the conduct of this defendant in order to consider whether to direct that an information against him be filed in the Court of Special Sessions in New York County. This Grand Jury had already heard legal evidence upon which it based its earlier determination. When the matter again came before it, after the certificate of removal had been made under section 31 (subd. 1, par. [c]) of the New York City Criminal Courts Act, the Grand Jurors did not have to start again from the beginning. The Grand Jury might have refused to indict and were empowered to indict at least for the same crimes originally stated in the information which they had directed to be filed in the Court of Special Sessions. Having been empowered to take this evidence against defendant in the first place, there was no reason preventing the same Grand Jury from utilizing the same evidence for the purpose of finding an indictment containing the same charges. Any of the Grand Jurors was at liberty to call for the reading of any or all of the former evidence if he had wanted. Witnesses could have been recalled if it had been thought necessary or desirable.
An indictment is presumed to have been legally found until the contrary is shown (People v. Sweeney, 213 N. Y. 37; People v. Feld, 305 N. Y. 322, 333). The official record of attendance of the Grand Jurors has been furnished by the District Attorney which indicates that on November 18, 1954, the date on which the Grand Jury voted to authorize the information *179 to be filed in the Court of Special Sessions, 20 Grand Jurors were present, and that on March 18, 1955, the date on which the Grand Jury voted the present indictment, 18 Grand Jurors were present. It likewise appears from these minutes that 16 of the same Grand Jurors were present on both occasions.
The judgment of conviction is affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.
Judgment affirmed.