Peter T. Farrell, J.
Motion for order (1) setting aside indictment pursuant to subdivision 1 of section 313 of the Code of Criminal Procedure and section 6 of article I of the Constitution of the State of New York; (2) granting inspection of the Grand Jury minutes and furnishing dates and records of Grand Jurors’ attendance at sessions on which evidence was adduced and (3) dismissing indictment for insufficiency of proof is denied in all respects. The soundness of defendant’s contention that the indictment was not found as prescribed by law (Code Grim. Pro., § 313) depends on the correctness of his view that the same Grand Jury that found a prior defective indictment cannot, upon resubmission of the case by leave granted on a judgment allowing a demurrer thereto, reindict without recalling the witnesses or otherwise adducing the evidence anew. But “ [t]here is no substantial reason why the procedure, where a motion to set aside an indictment is granted with leave to resubmit the charge to a Grand Jury, should not be followed where a demurrer is laid to an indictment with leave to resubmit the charge.” (People v. Baff, 99 Misc. 684, 688.)[1] So long as the right to resubmit is not in question, the specific occasion for the correction or amendment of an original indictment does not affect the power of the Grand Jury to find a proper one on the evidence already before it (Renfroe v. State, 84 Ark. 16; People v. Gilbert, 26 Cal. App. 2d 1; McIntire v. Commonwealth, 26 Ky. L. Rep. 469; State v. Richard, 50 La. Ann. 210; Commonwealth v. Clune, 162 Mass. 206; State v. Ginsberg, 167 Minn. 25; Whiting v. State, 48 Ohio St. 220; State v. Frotten, 114 Vt. 410; Eidson v. United, States, 272 F. 2d 684, 688). The rationale is that since they were empowered to take the evidence in the first place, there is no reason preventing the same Grand Jury from utilizing the same evidence for the purpose of finding a subsequent indictment con *585 taining the same charges (People v. Salerno, 3 N Y 2d 175, 178). The only effect of the judgment allowing the demurrer to the prior indictment, was to discharge defendant from further prosecution upon that particular indictment (United States v. Bopp, 232 F. 177, 178).
Upon the argument of this motion, the Attorney-General’s concession that the same Grand Jury had found the present indictment and those preceding it, upon the same evidence, was accepted hy defendant as establishing the facts sought to be established by reference to the dates of the Grand Jury hearings and the record of attendance thereat. There was no question raised as to the concurrence, on the dates of the finding of the respective, successive indictments, of at least 12 Grand Jurors who had heard the evidence on which they assumed to act (People v. Salerno, supra, pp. 177-178).
Order accordingly made herewith.

. Quoted with approval in People v. Follette (74 Cal. App. 178).