OPINION OF THE COURT
Nicholas Coffin as, J.
The court has read the Grand Jury minutes concerning this matter and renders the following decision:
On June 20, 1985, a Grand Jury was convened which heard evidence concerning an incident occurring on June 15, 1985. After due deliberation the Grand Jury voted an indictment charging the defendant with the crime of criminal possession of stolen property in the second degree.
Subsequently, the District Attorney reopened the Grand Jury proceeding and recharged the Grand Jury, asking them now to consider charges of burglary, grand larceny and criminal mischief in addition to the previously voted count of criminal possession of stolen property. No further evidence from that brought out at the initial proceeding was presented at this second proceeding. Sixteen grand juror members were present at both proceedings but only 14 of the jurors who attended the initial proceeding were present at this second proceeding. No discussion had occurred in the first proceeding *295 concerning charges of burglary, grand larceny or criminal mischief.
At issue, then, is whether the requisites of CPL 210.35 (2) were satisfied when less than 16 of the same grand jurors that heard the evidence presented against the defendant were present at both stages of the proceeding against him. The District Attorney contends that such requirements were satisfied so long as a total number of 16 jurors are present at each session and 12 jurors who were present at each session vote the indictment. This court disagrees.
CPL 210.35 (2) (3) state that a Grand Jury proceeding is defective when fewer than 12 grand jurors concurred in the finding of the indictment "or” (emphasis added), the "proceeding” is conducted before fewer than 16 grand jurors. This court holds that the Legislature’s use of the word "proceeding” was intended to encompass the entire proceeding against the individual defendant. The Legislature wished to have 16 people hear all the evidence, question it, and deliberate and vote thereon. Since the District Attorney concedes that a grand juror who did not hear all the evidence cannot deliberate and vote thereon, can it be logically said that the Legislature simply wanted 16 bodies in the jury room, up to four of whom might be completely passive observers? Had the Legislature intended that only 12 grand jurors were necessary to hear all the evidence and consider the charges against the defendant, subdivision (2)’s 16 juror requirement would not have been inserted, since subdivision (3) already states that at least 12 grand jurors must concur in the finding of the indictment. Sixteen informed minds to consider the individual case was the clear intent.
Indeed, CPL 210.35 speaks in terms of dismissing the individual indictment. The statute is not concerned with Grand Jury proceedings in general (unlike the Code of Criminal Procedure which dealt with the general requisites of a valid Grand Jury proceeding). (See, People v Brinkman, 309 NY 974 [1956], decided under said code, though in any event, the issue at bar was not directly before that court.) The focus of CPL 210.35’s protection is to the individual defendant. This court is not questioning the validity of these two Grand Jury proceedings per se; rather, its decision is directed toward the particular indictment before it where the defendant was not afforded the prerequisite of having at least 16 individual grand jurors hearing all the evidence, questioning it and deliberating and voting thereon as to each count. See, People v Salerno (3 NY2d *296 175, 179) which apparently had had this very concern when it specifically observed: "It * * * appears from these minutes that 16 of the same Grand Jurors were present on both occasions.” (Emphasis added.)
This legislative intent is similarly evidenced in CPL 190.25 (1) which states, "Proceedings of a grand jury are not valid unless at least sixteen of its members are present. The finding of an indictment * * * and every other affirmative official action or decision requires the concurrence of at least twelve members thereof ” (emphasis added). The Legislature’s use of the word "thereof’ was a manifestation of its intention that the Grand Jury proceeding against an individual defendant must be looked at in toto — not as a piecemeal proceeding— even though the evidence and/or the charges may have been presented on different days. Again, the focus is on the individual defendant’s "proceeding”. And the charging of the grand jurors on the applicable law must be viewed as an integral part of the proceeding especially where, as here, no discussion or deliberation of any kind had occurred in the first proceeding regarding the newly submitted counts of the second proceeding. The Legislature thus contemplated that a minimum of 16 members of the Grand Jury would preside at each stage of the "proceeding” against the individual defendant, question and deliberate the evidence and 12 of the 16 continuously present would be needed to affirmatively vote the specific charges to which the defendant must then face.
This court is therefore of the opinion that there must be a minimum of 16 of the same grand jurors present throughout each stage of the proceeding against the individual defendant, so as to have 16 individual minds hearing, questioning, deliberating and voting on the presented evidence and charges, 12 of whom to affirmatively vote the specific counts of the indictment. Since the second Grand Jury proceeding did not thus conform to this principle, the burglary, grand larceny and criminal mischief counts stemming as they do from this tainted proceeding are accordingly dismissed. The criminal possession of stolen property count having been deliberated and voted at the original proceeding which was lawfully constituted remains in effect.