THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFONSO INFANTE, Respondent.

Second Department, January 26, 1987

---

**APPEARANCES OF COUNSEL**

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood* and *Roseann MacKechnie* of counsel; *Peter Linden* on the brief), for appellant.

**OPINION OF THE COURT**

Per Curiam.

The question for our consideration is whether, under the Criminal Procedure Law, the composition of the entire 16

member quorum of a Grand Jury must remain constant during the taking of essential and critical evidence, and be available to deliberate, vote, and return an indictment. We conclude that the Grand Jury is privileged to return an indictment so long as at least 12 of the grand jurors who voted to indict heard all the essential and critical evidence.

The following facts are relevant to this appeal. A Grand Jury returned an indictment against the defendant charging him with, *inter alia,* robbery in the first degree. A quorum of 16 grand jurors was present at all times. On January 18, 1984, the panel heard evidence from the victim as well as a police officer who had witnessed the crime and immediately arrested the defendant. On January 24, 1984, the panel was instructed on the law and returned a true bill. However, of those present on January 24, only 14 had also been present on January 18, and, thus, only 14 members of the quorum heard all the evidence. The Assistant District Attorney instructed the grand jurors that only those who had heard all the evidence could join in an indictment.

Upon the defendant's motion, Criminal Term dismissed the indictment with leave to re-present because a uniform or constant 16 member quorum composed of the same jurors had not heard all the evidence, and, thus, a full quorum was not available to actively deliberate and vote. Upon granting reargument, but adhering to its original determination, the court noted that 12 jurors were insufficient since the Legislature did not intend up to four members of the quorum to function as passive observers.\*

Although supported by reason, Criminal Term's decision is in conflict with binding authority. In the face of several Court of Appeals pronouncements on the subject under the former Code of Criminal Procedure and no indication that the Legislature intended to depart from prior law when enacting the relevant sections of the Criminal Procedure Law, we reverse.

At common law a Grand Jury was comprised of not less than 12 nor more than 23 persons *(People v Herrmans,* 69 Misc 303). However, for over 100 years by statute, the Grand Jury has been comprised of 16 to 23 persons—with the *presence* of 16 necessary to constitute a quorum, and the *vote* of 12 necessary to indict *(Dawson v People,* 25 NY 399, 403 [1862]). The Code of Criminal Procedure enacted in 1881 (L 1881, ch

---

\* Criminal Term reached a similar conclusion in *People v Smith* (130 Misc 2d 294).

442), specifically provided that the "grand jury must consist of not less than sixteen and not more than twenty-three persons, and the presence of at least sixteen is necessary for the transaction of any business" (Code Crim Pro § 224) and further provided that "[a]n indictment cannot be found, without the concurrence of at least twelve grand jurors" (Code Crim Pro § 268). Construing the Code of Criminal Procedure, the Court of Appeals held that the Grand Jury was privileged to return an indictment where "[a]t least twelve of the Grand Jurors, who voted to indict, heard all essential and critical evidence" *(People v Brinkman,* 309 NY 974, 975). Although implicit, *Brinkman (supra)* did not make clear that an entire quorum of the same 16 grand jurors hearing the essential and critical evidence was not necessary to return an indictment. However, a later case was explicit on the subject. In *People v Saperstein* (2 NY2d 210, 219, *cert denied* 353 US 946), only "13 of the voting jurors" heard the critical testimony given on March 11 and 15, 1954. The Court of Appeals stated: "[t]he rule of the *Brinkman* case * * * is that an indictment is good despite the absence of certain grand jurors on various days when testimony is heard, so long as 'at least twelve of the Grand Jurors, who voted to indict, heard all essential and critical evidence' " *(People v Saperstein, supra,* at p 218, quoting from *People v Brinkman, supra,* at p 975).

*Brinkman (supra)* and *Saperstein (supra)* did not address the question of whether to permit 16 to vote where only 12 heard all the essential and critical evidence, a circumstance which, in the absence of a unanimous vote, raises a clear possibility that less than the 12 who heard the requisite evidence voted to indict the defendant. In *People v Colebut* (86 Misc 2d 729, 732), the court attempted to preserve Grand Jury secrecy and prevent polling the jurors, and yet address the possibility "that jurors who have not heard substantially all of the evidence presented to the Grand Jury, may, nevertheless, vote to indict" *and* "be crucial to the concurrence of 12 jurors necessary to indict". A rule which permitted less than a quorum to vote, although a quorum was still required to be present, was favored over the alternative of permitting a grand juror to vote to indict without having heard the requisite evidence. The latter course was declared "legally [un]acceptable" *(People v Colebut, supra,* at p 736). Choosing the abstention alternative to preserve Grand Jury secrecy, the court ruled that the Grand Jury must be instructed that "those grand jurors who join in an indictment must have been

present and must have heard the essential and critical evidence" in those cases "where the presentation to the Grand Jury is continued beyond one day and the composition of the panel may, therefore, vary on succeeding days" *(People v Colebut, supra,* at p 735).

In the case at bar, disagreeing with *Colebut (supra)* and distinguishing *Brinkman (supra),* Criminal Term concluded that the law had changed under the CPL. There is no authority for this view. The wording of the relevant sections of the new statute does not differ materially from the former law. CPL 190.05 provides that "[a] grand jury is a body consisting of not less than sixteen nor more than twenty-three persons * * * the functions of which are to hear and examine evidence * * * and to take action", and CPL 190.25 (1) states, "[p]roceedings of a grand jury are not valid unless at least sixteen of its members are present. The finding of an indictment * * * requires the concurrence of at least twelve members thereof". The staff notes to the proposed revision which resulted in the above sections indicate that they were derived from the former Code of Criminal Procedure provisions outlined earlier—without change *(see,* Staff Comments to Proposed CPL 95.05, 95.25 [now CPL 190.05, 190.25]; *see also,* 1 Waxner, New York Criminal Practice ¶ 8.10, at 8-26 [1981]). In contrast, with respect to other provisions of the CPL, the Staff Comments do indicate when a proposed section is derived with substantive change *(see, e.g.,* Staff Comments to Proposed CPL 95.15 [now CPL 190.15]).

Criminal Term, nevertheless, reasoned that the quorum requirement would be meaningless if an actively participating quorum were not required. However, the statute requires only that the members be "present" *(see,* CPL 190.25 [1]). This quorum requirement serves two very distinct purposes. First, the statutory mandate on the size of the Grand Jury is designed to furnish reasonable protection against malicious and unfounded prosecutions and yet create a Grand Jury small enough to permit it to perform its duties efficiently. Second, the rule requiring a minimum of 16 grand jurors, rather than the common-law minimum of 12, to be present at all times, enhances the likelihood that the necessary 12 grand jurors will be present at all times to hear all the evidence and therefore be eligible to vote. If four more than are necessary to vote are always present to hear evidence, they provide a margin for possible absent or substitute grand jurors, and thus increase the probability that 12 grand jurors will have heard

all the evidence and be able to take action *(People v Herrmans,* 69 Misc 303, 308, *supra;* 1 Waxner, New York Criminal Practice ¶ 8.10, at 8-27).

We further note that Criminal Term's reliance on *People v Salerno* (3 NY2d 175) is misplaced. In that case, the defendant claimed that the same Grand Jury which had directed the District Attorney to file an information could not thereafter vote to indict him upon the same counts as those contained in the information, without hearing the evidence against him a second time. Specifically, it was noted that on the date on which the Grand Jury voted to authorize the information, 20 grand jurors were present and on the date on which the Grand Jury voted the indictment, 18 grand jurors were present, and that at least 16 of the 18 grand jurors were present on both occasions *(People v Salerno, supra,* at pp 178-179). In support of its holding that the indictment was valid, the court stated that: "The Supreme Judicial Court of Massachusetts has held in *Commonwealth* v. *Clune* (162 Mass. 206, 213-214) that it is not necessary for a grand jury to examine the witnesses anew before finding a superseding indictment, stating that 'the fact that some of the grand jurors who found the original indictment were absent when the second indictment was found, and that others were present when the second indictment was found who were absent on the former occasion, did not render the indictment invalid.' We agree with this statement of the law, provided that 12 of the Grand Jurors who heard the evidence also voted for this indictment (Code Crim. Pro., § 268; *People* v. *Brinkman,* 309 N. Y. 974)" *(People v Salerno, supra,* at pp 177-178). Thus, the fact that *the same 16 grand jurors* were present in the *Salerno* case was merely fortuitous and does not support Criminal Term's conclusion that 16 grand jurors must hear all the essential and critical evidence and be available to deliberate, vote and return an indictment.

It may be that Criminal Term perceived some prejudice accruing to the defendant based upon the Grand Jury's historical role to safeguard against the "encroachments of governmental power" or "to protect innocent persons from unjust prosecution" *(see, People v Herrmans, supra,* at p 307), and thus dismissed the indictment pursuant to CPL 210.35 (5) because the integrity of the Grand Jury was impaired. However, no prejudice accrues to a defendant in consequence of a lesser number than a quorum having heard all the essential and critical evidence. A Grand Jury in which only 12 mem-

bers have heard the evidence can indict only by a unanimous vote. A lone dissenter amidst the 12 will result in a failure to return a true bill, while a lone dissenter would have no effect if more than 12 grand jurors had heard the evidence and voted to indict.

Nor was the proceeding at bar defective pursuant to CPL 210.35 (2) or (3) which state that

"[a] grand jury proceeding is defective * * * when * * *

"2. The proceeding is conducted before fewer than sixteen grand jurors; or

"3. Fewer than twelve grand jurors concur in the finding of the indictment."

The proceeding at bar was not conducted before fewer than 16 grand jurors within the meaning of CPL 210.35 (2), nor is there any contention that fewer than 12 grand jurors had concurred in the finding of the indictment.

Thus, we conclude that the presence of 12 among a 16 grand juror quorum who have heard the critical and essential evidence and the instructions on the law satisfies the standard set forth by the Court of Appeals in *People v Brinkman* (309 NY 974, *supra),* and under the Criminal Procedure Law. Accordingly, the indictment should be reinstated and the matter remitted for trial.

THOMPSON, J. P., NIEHOFF, RUBIN and LAWRENCE, JJ., concur.

Justice Lawrence has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the appeal from the order dated June 25, 1984 is dismissed. That order was superseded by the order dated July 31, 1984, made upon reargument; and it is further,

Ordered that the order dated July 31, 1984 is reversed insofar as reviewed, on the law, the order dated June 25, 1984 is vacated, and, upon reargument, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.