OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant previously made a motion to inspect the Grand Jury transcript and to dismiss the indictment. The prosecutor submitted to this court the Grand Jury transcripts of December 8, 1988, and December 20, 1988, as well as an order of the court dated December 19, 1988, authorizing the prosecutor to reopen the case before the Grand Jury to correct testimony about the date of the asserted events and for resubmission of the charges to the Grand Jury. On March 16, 1989, this court denied the motion to dismiss, concluding that the court order authorizing resubmission to the Grand Jury satisfied the statutory requirements. Thereafter, defense counsel sought reargument of the motion to dismiss on the grounds that the resubmission of the charge required that the witnesses present all of their testimony upon the resubmission, or at a minimum that the court determine whether at least 12 of the jurors who heard the evidence and voted on December 20, *386 1988, heard the evidence on December 8, 1988. The motion for reargument is granted; the motion to dismiss is denied.
The question is whether on proper resubmission of the charge to the Grand Jury the prosecutor can rely on a previously made presentation of evidence before the same Grand Jury. Decisions preceding the passage of the Criminal Procedure Law have established that a legal resubmission of the same charge to the same Grand Jury does not require a recall of the witnesses who had previously testified.
In People v Salerno (3 NY2d 175, 177 [1957]), the Court of Appeals granted a motion to have a charge prosecuted by indictment after the Grand Jury had directed the prosecutor to proceed by information, which he had done. The Grand Jury met again and voted to indict on the same counts that were contained in the information. It did not rehear the testimony. The Court of Appeals held that the Grand Jury had based its earlier determination on legal evidence and when the case was returned to it under the statute, the Grand Jury did not have to start again. "[T]here was no reason preventing the same Grand Jury from utilizing the same evidence for the purpose of finding an indictment containing the same charges.” (3 NY2d, supra, at 178; see, People v Decker, 11 AD2d 600 [3d Dept 1960].) In People v Page (39 Misc 2d 584 [Sup Ct, Queens County 1963]), when the first indictment was invalid, and leave was sought and granted to resubmit, the court wrote "So long as the right to resubmit is not in question, the specific occasion for the correction or amendment of an original indictment does not affect the power of the Grand Jury to find a proper one on the evidence already before it”. Citing Salerno, the court held the same Grand Jury could use the same evidence to find a second indictment containing the same accusation. (See, also, People v Falasca, 121 Misc 538 [Gen Sess, NY County 1923].) The identical result was reached in People v Puig (85 Misc 2d 228 [Sup Ct, NY County 1976]), although that case involved a superseding indictment.
Under CPL 190.75 (1), a Grand Jury may dismiss the charges. After People v Wilkins (68 NY2d 269 [1986]) and People v Cade (140 AD2d 99 [2d Dept 1988]), the withdrawal of a case from the Grand Jury by the prosecutor is a dismissal. In either situation, CPL 190.75 (3) permits a court to authorize resubmission of the charge to the same or another Grand Jury. There does not appear to be any reason why Salerno (supra) should not control where the CPL 190.75 (3) order *387 authorizes resubmission and the charge goes before the same Grand Jury. Although Salerno preceded the Criminal Procedure Law by some 14 years, the procedure discussed in Salerno is as appropriate now as it was under the predecessor Code of Criminal Procedure. Indeed, the relevant facts of Salerno are identical with those here. The prosecutor obtained the necessary authorization to resubmit the charges and presented the same charges to the same Grand Jury. There is no reason to have the witnesses repeat their entire testimony. Further, this court has examined the Grand Jury attendance sheets. The attendance sheets show that all the jurors were present for presentation of evidence on December 8, 1988, and that three were absent for the vote on December 20, 1988. Thus, all the jurors who voted heard the evidence.
Accordingly, the motion to dismiss the indictment is denied.