■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EDWARD ROSS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered August 11, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court should have dismissed the indictment on the grounds that the Grand Jury proceedings were defective is without merit. The mere pres-

ence at Grand Jury deliberations of several jurors who had not heard all the testimony, did not render the proceedings defective, where the jurors were instructed not to join in the indictment (see, *People v Infante,* 124 AD2d 86).

The trial court properly refused to charge manslaughter in the second degree as a lesser included offense. The record clearly indicates that there is no reasonable view of the evidence which would support a finding that the defendant committed manslaughter in the second degree but did not commit murder in the second degree (see, CPL 300.50 [1]; *People v Glover,* 57 NY2d 61).

The trial court further properly refused to issue a missing witness charge with regard to two of the individuals who witnessed the fatal shooting. The record fails to indicate that either of the uncalled witnesses was in a position to provide noncumulative testimony about a material issue in this case (see, *People v Gonzalez,* 68 NY2d 424).

We have reviewed the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.